**UNITED STATES FIDELITY & GUARAN-
TY CO. et al. v. SALMON et al.
No. 5672.**

Circuit Court of Appeals, Third Circuit.
Nov. 27, 1935.
Rehearing Denied Jan. 16, 1936.

The opinion of the Referee is as follows:

White Crystal Beach, Inc., was adjudicated a bankrupt upon April 29, 1929. The bankrupt was the owner of a bathing beach in Cecil county, Md., known as White Crystal Beach. On December 22, 1927, the bankrupt executed its bond and mortgage

covering the said property to George W. Lilly to secure the sum of $12,000.

Prior to the filing of the petition in bankruptcy, William H. Salmon, Sallie B. Foltz, and William T. Russell filed actions of foreign attachment against White Crystal Beach, Inc., seeking to attach any moneys or credits in the possession of the bankrupt owing to George W. Lilly. In the bankruptcy proceeding the real estate of the bankrupt subject to the lien of the above-mentioned mortgage was sold free and clear of all liens to George W. Lilly. The purchase price of the property was $8,100. Mr. Lilly paid in cash the sum of $858 and sought to apply the mortgage against the balance due to the extent of $7,242. The referee allowed this, but required Mr. Lilly to give bond in the sum of $7,242 with the United States Fidelity & Guaranty Company as surety that he would pay to the trustee any sum determined by the referee to be due and payable to any claimant to moneys due out of the said purchase price of said White Crystal Beach.

One prayer of the petitions now before the referee seeks to have the referee determine the amount to have been due and owing from the bankrupt to George W. Lilly on account of the said mortgage; and the second prayer of the petitions seeks to have the trustee in bankruptcy appear in the garnishment proceedings in Cecil county and answer therein as to the amount determined to have been due from White Crystal Beach, Inc., to Mr. Lilly under the said mortgage.

■ That the trustee in bankruptcy can be compelled to intervene in the garnishment actions before the circuit court of Cecil county, Md., upon order of the referee, can in no wise be disputed. The right to require this intervention is set forth in paragraph b of section 11 of the National Bankruptcy Act (11 U.S.C.A. § 29 (b), as follows: "The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

■ The defense which should be made by the trustee in the Cecil county garnishment proceedings is the defense which any garnishee defendant must make; namely, a statement that he holds funds in a sum certain which are properly subject and liable to the garnishment processes. Therefore, the referee must now determine solely whether or not there are such funds or their equivalent in the hands of the trustee in bankruptcy; that is to say, funds or their equivalent in a definite amount which at the time of the garnishments were due to George W. Lilly.

■ It is admitted that the mortgage which is past due appears upon its face to be payable to George W. Lilly, and therefore the trustee should make answer in the Maryland proceedings that the whole of the said mortgage of $12,000 (of which $7,242 is available in cash or its equivalent) was due to the said George W. Lilly, unless sufficient facts appear to prove that Mr. Lilly held the mortgage in trust for named beneficiaries. Mr. Lilly has sought to raise this defense. He alleges that the sum of $12,000 was procured by him as follows: $8,000 from Mrs. Alice K. Dexter; $3,500 from Mrs. Edna Davis; and $500 from E. Kirk Brown. He further alleges that this money was impressed with a trust for the benefit of these named persons; that he held title to the mortgage solely as trustee for their benefit; and that the court of bankruptcy will not permit the interests of these three cestuis que trust to be garnished.

■■ The referee cannot agree with these contentions. The only written declaration in any wise concerning the said mortgage is that contained in a paragraph of referee's Exhibit No. 1, which is the agreement of February 5, 1927, between George W. Lilly, William T. Russell, E. Kirk Brown, and Charles P. Bartley. The paragraph reads as follows:

"It is further agreed that in addition to the aforegoing E. Kirk Brown has an equity in a certain mortgage, entered of record, against White Crystal Beach, Inc., which Five Hundred Dollars shall be paid within one year, at six per cent. from the date of the mortgage, or at such prior time as the mortgage may be changed."

The language used in the paragraph quoted above is sufficient to establish an equitable assignment pro tanto in the mortgage to the extent of $500 with interest in favor of E. Kirk Brown. The equity of such an assignment can be cut off solely by a bona fide purchase for value without notice and cannot be divested by the lien of an attaching creditor. De Celis v. Porter, 59 Cal. 464; Westervelt v. Hagge, 61 Neb. 647, 85 N.W. 852, 54 L.R.A. 333; Furman v. McMillian, 2 Lea (Tenn.) 121. The equitable assignment is supported by

the present consideration of the contract of February 5, 1927 and, therefore, though the assignment was made some time after the loaning of the $500, it is supported by adequate consideration.

 Admittedly there was no written declaration of trust, no naming of Mr. Lilly as trustee as a matter of record, no proof of an oral declaration of trust by Mr. Lilly so far as the funds of Mrs. Dexter and Mrs. Davis were concerned. An oral declaration of trust must be based upon an agreement as explicit and as complete in all of its terms as a written agreement to the same effect, i. e., sufficient words to create it, a definite subject, and a certain and ascertained object. Rogers v. Rogers, 87 Mo. 257; Hoffman v. Union Dime Savings Institution, 109 App.Div. 24, 95 N.Y.S. 1045; Crissman v. Crissman, 23 Mich. 217; Williams v. Hodges, 95 N.C. 32. The money seems to have been borrowed by Mr. Lilly from Mrs. Dexter and Mrs. Davis with an absolute obligation upon his part to return it. The theory of a trust of the funds of Mrs. Dexter and Mrs. Davis in the said mortgage is entirely inconsistent with Mr. Lilly's application of the mortgage against the purchase price by him at the bankruptcy sale in these proceedings. At the time of the first hearing before the referee, upon June 5, 1929, when Mr. Lilly was examined in full as to his dealings with the bankrupt corporation, no mention was made of Mrs. Dexter and of Mrs. Davis. Throughout the administration of the estate of the above-named bankrupt and until after the sale of the bankrupt's real estate, upon the 21st day of June, 1929, Mr. Lilly seemed to consider the mortgage as his solely, and alleged no explicit or implied trust inherent in it.

The referee must, therefore, find that the said mortgage of $12,000 minus, however, the sum of $500 with interest at 6 per cent., which is due to Mr. Brown, was the property of George W. Lilly and was held by him without special capacity as trustee and was subject to no trust or other interest which would prevent the said mortgage from being garnished by the plaintiffs in the garnishment proceedings. The trustee in bankruptcy must, therefore, appear in the garnishment proceedings and answer that he holds funds or the equivalent of funds properly subject and liable to the garnishment processes in a sum to pay the amounts of the respective garnishments and all costs of the garnishment proceedings. Mr. Lilly must pay to the trustee sufficient funds for these purposes and additional funds sufficient to pay Mr. Brown unless the said obligation due to Mr. Brown has been otherwise discharged.

In view of the contents of this memorandum, any application to discharge the bond of George W. Lilly must prove abortive.

An order will be entered in conformity herewith.

Opinion of Referee after rehearing.

The referee handed down a previous memorandum, dated January 13, 1932, in these causes. Thereafter the causes were reopened for further testimony and a further extensive record was made. The opinion of the referee concerning the matters of law and evidence before him is as follows:

White Crystal Beach, Inc., was adjudicated a bankrupt upon April 29, 1929. It was, at the time of its adjudication, the owner of a bathing beach in Cecil county, Md. On December 22, 1927, the bankrupt executed a first mortgage covering the said property to George W. Lilly to secure the sum of $12,000.

Before the petition in bankruptcy was filed, William H. Salmon, Sallie B. Foltz, and William T. Russell filed actions of foreign attachment against White Crystal Beach, Inc., seeking to attach any moneys or credits in the possession of the bankrupt owing to George W. Lilly. As a result of an order of the referee in the bankruptcy proceeding, the real estate of the bankrupt subject to the lien of the above-mentioned mortgage was sold free and clear of all liens to the said Lilly for the sum of $8,100, said liens to attach to the proceeds of the sale. Against the total purchase price of $8,100, Mr. Lilly paid in cash the sum of $858 and sought to apply the mortgage held by him against the total balance then due, to wit, the sum of $7,242. The referee permitted this, but required Mr. Lilly to give bond in the sum of $7,242 with the United States Fidelity & Guaranty Company as surety that he would pay to the trustee in bankruptcy, David J. Reinhardt, Jr., any sum determined by the referee to be due and payable to any claimant of moneys payable out of the purchase price of the real estate.

A prayer of each of the petitions now before the referee seeks to have the referee determine the amount due and owing from the bankrupt to George W. Lilly on account of the mortgage. Another prayer of each of the petitions seeks to have the trustee in bankruptcy appear in the garnishment proceedings in the Cecil county court and answer therein as to the amount determined by this court to be due from the bankrupt to Mr. Lilly under the said mortgage.

That the trustee in bankruptcy must intervene in the garnishment actions before the circuit court of Cecil county, Md., upon order of the referee, can in no wise be disputed. The right to require this intervention is plainly set forth in paragraph **b** of section 11 of the National Bankruptcy Act (11 U.S.C.A. § 29 (b), as follows:

"The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt."

That the referee should order the trustee to take appropriate action in the Cecil county garnishment proceedings in order to expedite the accomplishment of justice seems to the referee to be beyond dispute.

That portion of the Bankruptcy Act referred to immediately above uses the word "defend." The defense which should be made by the trustee in the Cecil county garnishment proceedings is the defense which any garnishee defendant must make, namely, a statement that he holds funds in a sum certain which are properly subject to the garnishment process, or that he does not hold such funds. Therefore the referee must now determine whether or not there are funds or their equivalent in the hands of the trustee in bankruptcy which were or are subject to garnishment.

The mortgage was admittedly past due. Upon its face it was payable to George W. Lilly. Therefore the trustee must make answer that the whole of the said mortgage of $12,000 (of which $7,242 is available in cash or its equivalent) was due to the said George W. Lilly unless some equitable defense be raised which transcends the legal title. Mr. Lilly has sought to raise such defense and claims that he held the mortgage in trust for beneficiaries whose interests could not have been attached and that now having himself paid those beneficiaries he is entitled to be subrogated to their claims. Mr. Lilly has, however, filed no brief in these causes and therefore the referee is without the aid of any memorandum as to the specific evidence upon which he relies or of decided cases by which he seeks to support his contentions. Other matters are alleged by him in defense, but these do not seem to merit discussion.

In support of the doctrine of trust, Mr. Lilly alleges that the sum of $12,000 was procured by him as follows: $8,000 from Mrs. Alice K. Dexter, a client, $3,000 from Mrs. Edna Davis, also a client, and $500 from E. Kirk Brown, a coadventurer with Mr. Lilly in the White Crystal Beach enterprise. That the sum of $12,000 was so raised by Mr. Lilly and used by him as part of the purchase price of the bathing beach known as White Crystal Beach for the bankrupt seems undisputed from the testimony. He claims, however, that the mortgage in the sum of $12,000, held by him in his own name and without any designation in the said mortgage of himself as trustee, was held for the benefit of the three named persons, and that, therefore, the court of bankruptcy will not permit interests which were those of the three cestui qui trustents to be garnished.

Mr. Lilly has testified that Mrs. Dexter loaned him the sum of $8,000 and that he gave her his judgment note in a similar amount as security pending the granting of a first mortgage to her by White Crystal Beach, Inc. Mrs. Dexter's testimony was similar in effect. It transpired, however, that Mr. Lilly took the mortgage in the sum of $12,000 in his own name.

Mr. Lilly states that he declared to Mrs. Dexter that he held this mortgage in trust for herself, for Mrs. Davis, and for E. Kirk Brown. This declaration was a nullity and of no effect for as soon as the mortgage was taken by Mr. Lilly in his own name just so soon, in the opinion of the referee, was a constructive trust imposed upon the said mortgage in favor of Mrs. Dexter to the extent of $8,000, since the situation in the cases at bar cannot in principle be distinguished from those cases in which one person advances money for the purchase of land, and title is taken in the name of another. Bispham's Equity, § 93; Balloch v. Hooper, 17 D.C.(6 Mackey) 421; Pierce v. Pierce, 55 Mich. 629, 22 N.W. 81.

As to the money secured through Mrs. Davis, it appears that Mr. Lilly undertook to invest the sum of $4,500 in real estate for Mrs. Davis as executrix under her father's

will. $3,500 of this money was spent by Mr. Lilly as part of the purchase price of White Crystal Beach, Inc. Mrs. Davis' testimony was to the effect that she thought that Mr. Lilly was making an investment for her. As soon as the sum of $3,500. had been spent by Mr. Lilly in the purchase of White Crystal Beach, Inc., and the mortgage was taken by him in his own name, just so soon was there a constructive trust in favor of Mrs. Davis in the said mortgage to the extent of $3,500. No declaration of trust by Mr. Lilly was necessary and the declaration was in fact a nullity.

It appears from the records attached to each of the three petitions that the three garnishment actions were commenced in the circuit court of Cecil county, Md., and the attachments issued therefrom attempting to attach the $12,000 mortgage during the last half of the year 1928. It therefore appears that the equitable interests of Mrs. Dexter and Mrs. Davis in the said mortgage held by Mr. Lilly were present at the time of the creation of the liens of the respective attachments. E. Kirk Brown, by the agreement of February 5, 1927, received an assignment of the mortgage to the extent of $500. He has been paid in full, however, and there is no need to discuss his rights in relation to those of Mr. Lilly.

As to the rights of Mrs. Dexter and Mrs. Davis, the situation has now changed. It appears that Mr. Lilly has settled Mrs. Dexter's claim and Mrs. Dexter has herself paid off Mrs. Davis. It therefore appears that the resulting trusts in favor of these two ladies are no longer in existence. Therefore, the legal title and the equitable interests have merged and become one in Mr. Lilly since the equitable interests existed solely for the protection of Mrs. Dexter and Mrs. Davis. There can be no subrogation in a constructive trust in favor of him who by his own acts caused that trust to arise.

The trustee in bankruptcy must therefore appear in the garnishment proceedings and answer that he holds funds or the equivalent of funds to the extent of $7,242 properly liable to the garnishment processes of the Cecil county court. It therefore follows that Mr. Lilly must pay to the trustee sufficient funds to pay the garnishment judgments, if any there be, and the costs of procuring the said judgments, but not to exceed the sum of $7,-242.

In view of the contents of this memorandum, any application to discharge the bond of George W. Lilly must be viewed as premature.

An order will be entered in conformity herewith.

George W. Lilly, of Wilmington, Del., for appellants.

William H. Foulk, of Wilmington, Del., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This bankruptcy case depends on its own somewhat complicated facts, all of which are recited at length in the referee's report. On the hearing of such report, the judge below filed an opinion as follows:

"More than four months prior to the adjudication entered herein William H. Salmon, Sallie B. Foltz, and William T. Russell instituted foreign attachment proceedings in the circuit court of Cecil county, Md., against George W. Lilly and caused an attachment to be laid in the hands of White Crystal Beach, Inc., the bankrupt. During the course of the bankruptcy proceedings, the referee entered an order upon the petitions of Salmon, Foltz, and Russell, finding the sum of $7,242 due and payable to the petitioners out of the purchase price of the real and personal property of the bankrupt bought by Lilly from the trustee in bankruptcy. The trustee was ordered by the referee to appear in the above-mentioned garnishment proceedings in Maryland and make answer that as trustee of White Crystal Beach, Inc., he held the sum of $7,242, or a bond securing the payment thereof, representing money due and payable from the bankrupt estate to Lilly. From this appeal, Lilly has appealed.

"After full hearing and consideration of the record and briefs, I am satisfied that the comprehensive opinion filed by the referee properly disposes of the matter. A detailed discussion of the facts would serve no useful purpose.

"The order of the referee will be affirmed."

After careful consideration, we find ourselves in full accord with such opinion and, so holding, the decree of the court below is affirmed.