No. 18,416.

CLIFFORD L. MORGAN *v.* EMMA UPHAM MORGAN.
(340 P. [2d] 1060)

Decided June 29, 1959.   Rehearing denied July 20, 1959.

Messrs. VAN CISE & VAN CISE, for plaintiff in error.

Mr. FRANK A. BRUNO, Mr. H. D. REED, Mr. ROBERT SUNSHINE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, defendant below, will be referred to as defendant, husband, or Mr. Morgan. Defendant in error, plaintiff below, will be referred to as plaintiff, wife, or Mrs. Morgan.

The husband brings error from a decree granting separate maintenance, division of property, and other relief to the wife. The decree was entered June 10, 1957.

The parties were married in 1937 and have four children, two girls and two boys, ages as of the date of the decree, 17, 15, 9 and 6 years. The parties separated and in May 1954 the husband sued the wife for divorce. She filed a cross-complaint which was withdrawn during the trial and the husband was granted an interlocutory decree of divorce in August 1955 on the grounds of extreme and repeated acts of cruelty. On the day the final decree was due the wife filed a motion to set aside the interlocutory decree and after hearing on April 17, 1956, the trial court set aside the interlocutory and final decrees (it appearing that a final decree was entered on the day Mrs. Morgan's motion to vacate the interlocutory decree had been filed). On the last mentioned date the court reinstated the husband's complaint and the wife's cross-

complaint. No writ of error was sued out by the husband on this judgment. On July 11, 1956, on the motion of Mr. Morgan, the complaint and cross-complaint were dismissed, the court then reciting as part of the order:
"In the two previous hearings the Court has found and determined, first that the plaintiff had established grounds for divorce, and second that the defendant had established grounds for divorce; on the basis of those findings wherein each party is at fault the Court cannot grant relief to either party."

The instant case was filed by the wife some two months after the dismissal of the divorce action and was based on the husband's conduct "particularly since April 17, 1956."

Mr. Morgan moved to dismiss the separate maintenance action based upon the findings and proceedings in the divorce action. This motion was denied.

On December 5, 1956, the husband filed his answer denying the grounds claimed by Mrs. Morgan for the relief demanded. He also pleaded affirmative defenses on his wife's part toward him, together with res adjudicata, recrimination and lack of clean hands.

In June 1957 the separate maintenance action was tried by the court, Mrs. Morgan being present in person and by counsel. Mr. Morgan was not present in person, but was represented by counsel. A decree of separate maintenance was entered in favor of the wife.

At this hearing the evidence disclosed that the husband had been living with another woman from January or February 1956 until about January or February 1957, at which time the defendant went to Nevada and there commenced a divorce action against his wife. In the separate maintenance action the trial court made the following, among other orders: 1. Awarded the wife $646.45 per month, allocated as follows: "$300 maintenance and $346.45 for the support of the four children, and at that time $500 temporary attorney's fees were ordered paid by the husband. 2. Judgment was entered

against Mr. Morgan in favor of the wife for $66,077.98 (being one-half of defendant's admitted assets), and the defendant was ordered to pay into the registry of the court "the total sum of One Hundred Thirty Two Thousand One Hundred Fifty Five dollars and Ninety Seven Cents ($132,155.97) in cash, or in the alternative to deposit with the Clerk of this Court the assets accumulated during their marital status" (this being the total amount of assets possessed by the husband), and the clerk was directed upon receipt of said assets to pay over to plaintiff such sums of money as will satisfy the judgment awarded to her and pay over to her counsel the sum of $2500 as counsel fees, "the balance if any remaining in the hands of the Clerk of this Court after the payment of the above and foregoing, shall be held by him until the further order of this Court, all for the purpose of securing the monthly payments of permanent maintenance and support awarded to the plaintiff and the two minor children of the parties * * *."

It appears that the husband, prior to the trial of the separate maintenance suit, executed a trust agreement with one Stager whereby he transferred to Stager two parcels of real estate, the income from which was to be used for the purpose of paying $300 per month for the support of the minor children of the Morgans. As a part of the final decree in the present case the court found that "said conveyance and purported trust under which it was made was without consideration" and then ordered that the trust agreement and the deeds made thereunder were null and void, and ordered Stager to quitclaim to the clerk of the court all of his interest in the properties.

The court also ordered judgment for $3500 against Mr. Morgan for suit money and counsel fees to resist the Nevada divorce action brought by the husband.

For reversal it is urged that the trial court erred in overruling the plea of res adjudicata filed by the husband, based on the divorce action, and making any or-

ders pertaining to the division of property, and exceeded its jurisdiction in requiring security for the payment of future maintenance and support; that the orders entered against Stager were beyond the jurisdiction of the court, as Stager was not a party to the action; and that the court lacked jurisdiction to order payment of $3500 for suit money and counsel fees in another action; that it was error to enter judgment in favor of the wife for $66,077.98, and that the trial court abused its discretion in awarding counsel for Mrs. Morgan the additional sum of $2500 for the trial of the instant action.

It is manifest that when the original divorce action was dismissed the parties were still husband and wife, and the wife was at liberty to institute a separate maintenance action against the husband, just as though there had been no former litigation between the parties. The divorce action did not result in a final judgment and decree, but was dismissed on motion of Mr. Morgan.

■ The recent case of *Vines v. Vines*, 137 Colo. 449, 326 P. (2d) 662, is decisive of the main issue in this case. There we said: "Dr. Vines correctly contends that in this case there should have been no division of property, and that only such alimony and support should have been ordered as is necessary to adequately maintain his family in the manner to which accustomed and which is suitable for persons in their station in life * * *. There is ample authority in law and equity whereby a husband be divested of a reasonable portion of his earnings and, if need be, his property to the end that his wife and children have reasonable support."

■ Here we have a husband who left the state of Colorado, apparently bent on defeating his wife's right to support money, and has attempted to divest himself of a substantial portion of his assets. This, however, does not authorize a judgment in the nature of a property division against him in a separate maintenance action, hence it follows that the judgment in favor of the wife for $66,077.98 must be set aside and held for naught.

■ With reference to the Stager matter, it is apparent that Stager was not a party to the separate maintenance suit, hence no order could be entered against him. *Granato v. Granato,* 130 Colo. 439, 277 P. (2d) 236.

■ The Nevada divorce suit instituted by Mr. Morgan was entirely separate and distinct from the separate maintenance action here and the trial court had no authority to enter any orders with respect to it. The matter of counsel fees to be awarded the wife in that action was something to be passed upon by the Nevada courts.

■ Counsel fees to be awarded the wife's counsel rest within the sound discretion of the trial court, and unless this discretion is abused, will not be disturbed. We cannot say that the award made in this case was the result of any abuse or discretion, neither can we say that the allowance of support money and maintenance for the children was out of line with the admitted income and assets of the husband and the necessities of the wife and minor children.

The judgment is affirmed so far as it relates to the decree in separate maintenance, and the award for the support of Mrs. Morgan and maintenance of the minor children, and the award of counsel fees in the instant case. It is reversed as to the allowance of $3500 counsel fees in the Nevada divorce action; the orders respecting Stager deeds and trust agreement are reversed; and the decree is ordered modified with respect to the deposit to be made in court by defendant so as to provide that the defendant husband deposit in court money or securities of the value of $50,000, to be approved by the clerk of the court, as security for compliance with the support and maintenance orders, to be invested and reinvested under direction of the trial court in U. S. Government bonds, the interest or the dividends of any stock to be by the clerk delivered to defendant so long as his support payments are paid in conformity with the order of the court.

Mr. Justice Frantz and Mr. Justice Doyle not participating.