589 P.2d 502 (1978)
In re the Marriage of Grace M. KALADIC, Appellant,
v.
Louis E. KALADIC, Appellee.
No. 77-914.
Colorado Court of Appeals, Division II.
October 19, 1978.
As Modified On Rehearing Denied November 16, 1978.
Certiorari Denied January 22, 1979.
*503 Shuey & O'Malley, P. C., Phil J. Shuey, Denver, Colo., Holme, Roberts & Owen, William S. Huff, Denver, Colo., for appellant.
Larry D. Myers, Colorado Springs, Colo., for appellee.
STERNBERG, Judge.
During the course of discovery proceedings attendant to this dissolution of marriage action, the husband learned that prior to filing this action, the wife had established a trust with herself as sole income beneficiary. In its decree, the trial court divided the property between the parties and, as an incident to that division, ordered the trustee to convey $26,000 from the trust to the husband. Disputing the jurisdiction of the court to reach the corpus of the trust and to dispose of property held by a trustee not a party to the proceedings, and also asserting that the court erred in its valuation *504 of the trust assets, the wife appeals. We affirm.
The trial court found, on supporting evidence, that both parties had been employed during the 22 years of this childless marriage, she as a school teacher and he as a glazier. Their earnings were merged in various accounts and were properly considered to be marital assets. The wife had control of the financial affairs of the parties during the marriage and gave the husband a weekly allowance of between $10 and $30.
Eleven months before filing this dissolution action, the wife established an irrevocable, discretionary, spendthrift trust because of what she viewed as excessive drinking by the husband and his statements indicating to her that he was financially irresponsible. She was the sole income beneficiary and her lawyer the trustee.
At the time of the hearing in this case, the trial court had before it a complete disclosure of the assets of the parties, including reports and testimony of the trustee with respect to the trust. The court gave the husband a 40% interest in the residence of the parties; however, because the wife was allowed to reside in it, realization of his percentage interest was delayed until she sold the home or died. Apparently to achieve an equitable balance in the real estate division, the husband was given a residential lot. Of the approximate $100,000 value of the trust, he was awarded $26,000. The personal property was divided between the parties on an equitable basis. The court specifically mentioned that it was considering the differences of values of assets awarded each party as a factor in making the cash award from the wife's trust to the husband.
The findings of the trial court are not completely clear with respect to the exact date used for valuation of the trust assets, see In Re Marriage of Femmer, Colo. App., 568 P.2d 81 (1977); nevertheless, here a remand for the purpose of making more specific findings in that regard would be futile. The figures used by the court in valuing the trust are approximations, but the amount distributed to the husband would have been within the discretion of the trial court even had the total value of the trust estate varied a few thousand dollars one way or the other. Moreover, the lack of certainty as to the exact value of the trust assets is attributable to the wife. Her attorney, the trustee, submitted a statement of an accounting which omitted one page, and in his testimony at trial, he was unable to reconcile relatively minor inconsistencies in the value of the assets. Considering these factors, we conclude that any deficiency in the findings of the trial court was in no way prejudicial to the wife who is attempting to question them.
The principal issue raised by this appeal is whether the court had jurisdiction to reach the trust assets and require a conveyance of a portion of them to the husband. We hold that the court had such power and properly exercised it in this case. We hold also that, under the circumstances present here, the court had jurisdiction to order the trustee to make payments from the trust to the husband.
Section 14-10-113, C.R.S.1973, directs the court in a dissolution of marriage proceeding to "set apart to each spouse his property and [to] divide the marital property. . . in such proportions as the court deems just . . . ." The court is to consider the contribution of each spouse to acquisition of the property; the value of the property set apart to each; the economic circumstances of each; and any increases or decreases in the value of separate property. Here the court found, based upon evidence in the record, that the trust was established by using properties the wife owned before the marriage as well as marital assets. The court in its computations did set aside property owned by the wife prior to marriage.
Generally, one spouse has the right to make inter vivos transfers of property to any person. See In Re Questions Submitted by United States District Court, 184 Colo. 1, 517 P.2d 1331 (1974). However, for the transaction to be valid it must be bona fide and not colorable. See Estate of Barnhart, Colo., 574 P.2d 500 (1978). We find applicable here the language of the Supreme *505 Court in Smith v. Smith, 22 Colo. 480, 46 P. 128 (1896), which was quoted with approval in Scavello v. Scott, Colo., 570 P.2d 1 (1977);
"[W]here, as here . . . the transaction complained of is colorable only and resorted to by the husband for the purpose of defeating his wife's right as his heir, he hoping thereby to obtain the full benefit of the property to the last hour of his life, and at the same time being able to deprive her of all interest therein as his heir, is as much of a fraud on the part of the husband as it is for a debtor, having in contemplation the incurring of an indebtedness, to put his property beyond his control . . .."
Here, the conveyance of marital assets by the wife into an irrevocable, discretionary trust without her husband's knowledge was properly set aside by the trial court. It was illusory and fraudulent as against his rights. The trust assets were subject to division as marital property under § 14-10-113(1), C.R.S.1973, and the trustee held those assets as an equitable trustee. See Page v. Clark, Colo.App., 572 P.2d 1214 (1977).
The wife also contends that the trial court did not have jurisdiction to order the attorney-trustee to make payments from the corpus of the trust because he appeared in court only in the representative capacity of attorney and trial counsel, and not as trustee. It has been held that a court may not order a non-party trustee to convey trust assets in a domestic relations case unless that trustee is joined as a party. Morgan v. Morgan, 139 Colo. 545, 340 P.2d 1060 (1959). The facts present in this case, however, make it distinguishable from Morgan. Not only was the trustee present here at all stages of the proceedings as the wife's attorney, and thus an officer of the court, but also the following statement was made to this attorney-trustee in open court:
"Mr. Shuey, I think it will be your option, I will not have you named as a party in this case as trustee, I don't think it should be necessary."
No response to this statement by the attorney-trustee appears in the record. Where the trustee of a fraudulent trust is the attorney of record for one of the parties who is the settlor and sole beneficiary of the trust, and the court addresses the problem regarding the possible need to join the trustee as a party, we do not countenance the attorney, an officer of the court, using his silence as a shield and asserting on behalf of the wife that the order is void. His silence constituted a waiver of the requirement that he be served with process to join him as trustee in this lawsuit. He thereby subjected himself as trustee to the jurisdiction of the court.
The husband requests that we award attorney fees for actions he was required to take after the entry of judgment by the trial court. We remand this request to the trial court for its consideration.
Judgment affirmed and cause remanded for further proceedings relating to attorney fees, if any, to be awarded to the husband.
Opinion modified and as modified, petition for rehearing denied.
ENOCH and KELLY, JJ., concur.