**Virginia R. GANN, Plaintiff–Appellant,**

v.

**R. Wayne GANN, Defendant–Appellee.**

**No. 79CA0996.**

Colorado Court of Appeals,
Div. I.

Aug. 21, 1980.

Yegge, Hall & Evans, Raymond J. Connell, Denver, for plaintiff–appellant.

Epstein, Lozow & Preblud, P.C., Frederick Epstein, Denver, for defendant-appellee.

COYTE, Judge.

Wife appeals the trial court order denying her request for attorneys fees incurred in connection with enforcing a Colorado judgment in California. We reverse. There has been no appeal from that part of the judgment awarding attorney fees to the Colorado attorney.

By the terms of a property settlement agreement incorporated into the parties' 1971 Colorado divorce decree, husband was ordered to pay $400 per month alimony. Husband moved to California on or about November 1, 1974, and ceased paying alimony. After numerous attempts to collect the arrearages, wife, through her local attorney, caused the delinquent payments, on various occasions, to be reduced to judgments.

Wife instituted an action in California to enforce the judgments entered by the Colorado court. Husband resisted the enforcement of the Colorado judgments and requested the California court to terminate or to modify the alimony provision. The California court entered a judgment in favor of wife, enforcing the Colorado judgments and refusing to modify husband's alimony obligations.

Wife then initiated this proceeding to recover the attorneys fees incurred in Colorado and in California in connection with collection of her alimony payments. The trial court allowed wife to recover her attorneys fees incurred in Colorado, but disallowed wife's claim for her California attorneys' fees. The trial court concluded that, based upon *Morgan v. Morgan*, 139 Colo. 545, 340 P.2d 1060 (1959), it lacked jurisdiction to award attorneys fees incurred in another jurisdiction and that enforcement of the Colorado judgments entered subsequent to the divorce decree was outside the scope of § 14–10–119, C.R.S. 1973.

On appeal, plaintiff contends that the trial court's reliance upon *Morgan v. Morgan, supra* was misplaced. We agree.

In that case, the court held that the Colorado court lacked authority to enter orders with respect to a suit instituted in a foreign jurisdiction which was entirely separate and distinct from the action instituted in Colorado. Here, the California litigation was not separate and distinct from the divorce action and subsequent proceedings to enforce plaintiff's right to arrearages in the alimony payments. The California action was begun solely to enforce the judgments obtained in Colorado and was necessitated by husband's own action in leaving this jurisdiction. Therefore, *Morgan v. Morgan, supra*, is inapposite.

The trial court erred in applying § 14–10–119, C.R.S. 1973, to the instant case because the original divorce decree was entered pursuant to the prior divorce law. *See Dockum v. Dockum*, 34 Colo.App. 98, 522 P.2d 744 (1974).

C.R.S. 1963, § 46–1–5, in effect at the time of the parties' divorce, provided in pertinent part:

"(1)(a) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances may warrant for:

. . . . .

(e) Suit money, court costs, and attorney fees . . . .

. . . . .

(4) The court shall retain jurisdiction of the action for the purpose of such later revisions of its orders pertaining to subsections . . . (1)(e) . . . as changing circumstances may require."

Here, the attorneys' fees sought by wife were incurred in pursuit of her rights granted by the trial court, and, regardless of where these costs were incurred, the Colorado court has jurisdiction to award reasonable attorneys fees. Therefore, the trial court erred in holding that it lacked jurisdiction to award to wife her California attorneys' fees.

The judgment, insofar as it disallows attorney fees for the California proceedings, is reversed and the cause is remanded with directions to determine whether attorneys' fees incurred in connection with the California litigation should be awarded to wife pursuant to C.R.S. 1963, § 46–1–5, and, if an award is appropriate, to determine the amount thereof and enter an order accordingly.

PIERCE and KIRSHBAUM, JJ., concur.