**In the Matter of Richard FLANZBAUM, Debtor.**

**Herbert S. FREEHLING, Trustee, Plaintiff,**

**v.**

**Richard FLANZBAUM, both individually and as Trustee, et al., Defendants.**

**Bankruptcy No. 80–00920–BKC–SMW. Adv. No. 80–0396–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

Feb. 12, 1981.

Chad P. Pugatch, Fort Lauderdale, Fla., for trustee.

N. Richard Schopp, Port St. Lucie, Fla., for Richard Flanzbaum.

---

**4.** *See* Order dated April 13, 1977.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon an adversary proceeding pursuant to Part VII of the Interim Bankruptcy Rules and 11 U.S.C. § 544(b) for avoidance of transfers of property of the Debtor and recovery thereof, filed herein by the Plaintiff, HERBERT S. FREEHLING, as Trustee in Bankruptcy, against the Debtor, RICHARD FLANZBAUM, MICHAEL DAVID FLANZBAUM, BARBARA C. ASH and RELIABLE BUILDERS, INC., a Florida corporation, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and, being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

On or about July 21, 1978, RICHARD FLANZBAUM utilized certain of his assets for the purchase of Lot 29, Block 32 of RIVER PARK, UNIT NO. 4, a subdivision, according to the Plat thereof, recorded in Plat Book 11, Page 9, of the Public Records of St. Lucie County, Florida, and caused said property, known as the "Naranja" property, to be placed in trust for his son, MICHAEL DAVID FLANZBAUM, pursuant to a Trust Agreement dated July 21, 1978, and admitted into evidence in their proceeding.

Defendants have admitted through their Answer that "at all times material hereto, there have been one or more creditors of the Debtor herein, holding unsecured claims allowable under Section 502 of Title 11 of the U.S. Code." This would necessarily include the date of transfer of the property into the Trust as well as all subsequent dates relevant to this action.

Even after placing the property in trust for his son, RICHARD FLANZBAUM made representations to creditors, as evidenced by financial statements admitted into evidence herein, that said property was owned by him in fee simple, and without any condition or limitation. These financial statements were used for the purpose of obtaining loans by RICHARD FLANZBAUM.

The "Naranja" property was sold and various other properties purchased and sold with the proceeds until by Deed executed on May 29, 1980, and recorded on June 2, 1980, at Official Records Book 332, Page 666 of the Public Records of St. Lucie County, Florida, MICHAEL D. FLANZBAUM, an unmarried person, and RICHARD FLANZBAUM, Trustee, purchased from Landmark Investments Company of St. Lucie County, Inc. certain property with the trust funds described as follows:

Lots 10, 11, 12, 13, Block 654, of PORT ST. LUCIE, SECTION THIRTEEN, (13), a Subdivision according to the plat thereof, Recorded in Plat Book 13, Pages 4 and 4A through 4M, of the Public Records of St. Lucie County, Florida.

However, this Deed contained a scrivener's error in that the true intention of the parties was to purchase Lots 10, 11, 12 and 13 in Block 645 as opposed to Block 654. Quit-Claim Deeds were issued to the true owners of the property, and a new Deed issued to Lots 10, 11, 12, 13, Block 645. This Deed was not, however, reissued by Landmark Investments Company of St. Lucie County, Inc. to MICHAEL D. FLANZBAUM, an unmarried person, and RICHARD FLANZBAUM, Trustee. The Deed, executed on August 22, 1980, and recorded on August 27, 1980, in Official Records Book 337 at Page 1278 of the Public Records of St. Lucie County, Florida, subsequent to the date of the filing of the instant bankruptcy proceeding, was issued to BARBARA C. ASH, a Defendant herein, and a close personal friend of the Debtor, RICHARD FLANZBAUM.

On two separate occasions within this bankruptcy proceeding, under oath, as admitted by the Debtor, RICHARD FLANZBAUM, he testified that the reason for placing the property in the name of BARBARA C. ASH was that she had loaned him a great deal of money, providing support for him, and he wanted to provide her with the

property as security for the sums of money loaned to him in case something should happen to him.

By Warranty Deed executed on October 16, 1980, and recorded on October 17, 1980, in Official Records Book 341 at Page 165 of the Public Records of St. Lucie County, Florida, BARBARA C. ASH, after discussing the situation with RICHARD FLANZBAUM, and after the Debtor had knowledge that the Trustee was aware of his placing the Trust property in the name of BARBARA C. ASH to secure his personal debts, subsequently conveyed the said Lots 10, 11, 12, and 13, Block 645 to a company known as RELIABLE BUILDERS, INC. In connection with this transaction, RELIABLE BUILDERS paid the sum of $8,079.79 cash at closing, which has allegedly been placed back into a bank account, and delivered back to MICHAEL D. FLANZBAUM a purchase money mortgage in the sum of $10,000.00 which came due on January 16, 1981, but by agreement of the parties, has not been paid pending the outcome of this proceeding.

■ The Court finds, from the evidence, that the Defendant, RICHARD FLANZBAUM, has by his actions, in conveying the trust property to his close personal friend, as security for his personal debts, so disregarded the formalities and purpose of the trust, which was created with his assets at a time when he had creditors holding allowable unsecured claims, as to cause the trust to fail in its purpose, rendering the trust assets liable in satisfaction of his personal debts. The failure of a trustee to carry out the trust purposes constitutes, under appropriate circumstances, a ground for termination of the trust. 76 Am.Jur.2d, *Trusts*, § 87. Re: *Patterson's Estate*, 333 Pa. 92, 3 A.2d 320, 120 A.L.R. 967 (1939). *See, also, City of Islandia v. Metropolitan Dade County*, 362 So.2d 385 (3rd DCA Fla.1978) (holding that a trust may be dissolved where its purpose has been so frustrated that it serves no useful purpose). *Smith v. Massachusetts Mutual Life Insurance Co.*, 116 Fla. 390, 156 So. 498 (1934).

■ Further, the Court finds that the actions of Defendant, RICHARD FLANZBAUM, subsequent to the creation of the trust, in pledging the trust assets for his personal debts and through his self-dealing therein, are such as to be tantamount to a merger of the legal and equitable interests in the trust, thus terminating the trust and vesting title in the trustee, subject to his creditors' claims. *U. S. Fidelity and G. Co. v. Salmon*, 81 F.2d 420 (3rd Cir. 1935), 165 A.L.R. 1064.

The subsequent actions of Defendants in attempting to rectify their actions do not, in the opinion of the Court, cure the problem created, especially when accomplished after the Plaintiff obtained knowledge of the wrongful actions.

Based upon the foregoing, the Court finds and concludes that the sum of $10,000.00, due and owing from RELIABLE BUILDERS, INC. to MICHAEL DAVID FLANZBAUM should be paid instead to the Plaintiff herein, the Trustee in Bankruptcy for RICHARD FLANZBAUM. Further, the Plaintiff should have and recover from the Defendants, jointly and severally, the sum of $8,079.79 additional proceeds of sale of Lots 10, 11, 12, and 13, Block 645. A final judgment will be entered in accordance with these findings and conclusions.