In re Jerome S. BAUM, Debtor.

Tom H. CONNOLLY, Trustee, Plaintiff–Appellant,

v.

Jerome S. BAUM, Garrett Adam Baum, Courtney Jill Baum, Tom W. Lamm, Defendants–Appellees.

No. 92–1365.

United States Court of Appeals, Tenth Circuit.

April 26, 1994.

Curt P. Kriksciun of The Connell Law Firm, Denver, CO, for plaintiff-appellant.

Harry M. Sterling (David M. Tenner, also of Gelt, Fleishman & Sterling, with him on the brief), Denver, CO, for defendants-appellees.

Before LOGAN and BRORBY, Circuit Judges, and SEAY, Chief District Judge.*

LOGAN, Circuit Judge.

Plaintiff Tom H. Connolly, Trustee in Bankruptcy, appeals the district court's grant of summary judgment denying him relief and upholding the validity of two trusts the assets of which plaintiff sued to include in Jerome S. Baum's bankruptcy estate. On appeal, plaintiff argues that the trusts are void as shams or because of merger of legal and equitable interests.

I

In October 1983, Baum (debtor or settlor) established and filed of record a trust instrument entitled the Baum Children Trusts, creating two irrevocable trusts denoted as the Garrett Adam Baum Trust and the Courtney Jill Baum Trust and naming Tom W. Lamm as trustee. Garrett Adam Baum and Courtney Jill Baum are debtor's children. Debtor transferred into the trusts his residence,

---

* The Honorable Frank H. Seay, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

some furniture and fixtures, and a collection of antique clocks. Debtor reserved the right to live in the residence under the following terms:

> For so long as the Settlor shall be living, he shall [have] the right to occupy [the] residence free of rental so long as the Settlor timely services all encumbrances against such residence, and pays all taxes, insurance and utilities on such residence or associated with its occupancy by the Settlor. Further, in the event of the death of the Settlor, and if Rachael Elizabeth shall then be the spouse of the Settlor as contemplated in paragraph 10.4 below, and if the said Rachael Elizabeth Baum survives the Settlor, then, until the earlier to occur of the death of Rachael Elizabeth Baum or the second anniversary of the date of her remarriage, the said Rachael Elizabeth Baum shall have the right to occupy such property as her principal residence free of rental so long as she shall timely service all encumbrances against such residence, and pays all taxes, insurance and utilities on such residence or associated with her occupancy.

Appellant's App. 98–99. Debtor also reserved to himself and his wife the right to require the trustee to sell the residence and purchase another home as substitute trust property

> so long as the expenditures required by the trusts herein created in order to secure a new residence together with any contributions by the occupant, shall not be in excess of the net proceeds of sale of the old residence, and so long as the trusts herein created are exposed to no greater liabilities or risks of loss than those to which the trusts are exposed prior to the sale of the old residence.

*Id.* at 99.

When debtor created the trusts he and his wife were experiencing marital difficulties and wanted to preserve certain separate property for their children from their prior marriages. The trusts authorized the trustee to distribute income or principal based on the "best interests" of the children beneficia-

ries as determined by the trustee. *Id.* at 96, 97, 101–02. The trusts contemplated distributions for the "support," "comfort and convenience" of those beneficiaries. *Id.* at 102. At the time the trusts were created, debtor had a net worth of over $1,000,000; he had total debts of less than $115,000, consisting of about $19,000 owed to his ex-wife and $90,000 to $95,000 on a mortgage on the residence. Appellant's App. 83–84.

About six years later, in 1989, debtor filed for Chapter 7 bankruptcy. Plaintiff was appointed trustee and filed this action to recover the trust property for the bankruptcy estate, asserting: (1) the creation of the trusts constituted transfers in trust for the benefit of the debtor and thus were void under Colorado law; and (2) debtor used trust property as his own, effecting a merger of legal and equitable interest in the property of the trusts.[1] The bankruptcy court referred the case to the district court, whose grant of summary judgment upholding the validity of the trusts was appealed to this court.

We review a district court's order granting summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *Anaconda Minerals Co. v. Stoller Chem. Co.*, 990 F.2d 1175, 1177 & n. 3 (10th Cir.1993). We view the record "in a light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). "[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."

---

1. Plaintiff also contended the transfer was a fraudulent conveyance, but has not appealed the summary judgment on the fraudulent conveyance claim.

*Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

The bankruptcy estate includes, "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). For purposes of § 541, the nature of a debtor's interest in property generally is determined by state law. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–918, 59 L.Ed.2d 136 (1979). Thus, if the trusts are shams or otherwise void under Colorado law the trust property is includable in the bankruptcy estate.

## II

■ Plaintiff's arguments fall into two categories: The trusts were void at their inception, or at least voidable if necessary for the benefit of creditors, regardless of how they may have been operated; or, alternatively, the trusts are shams because of the way they were operated.[2] We consider the void or voidable argument first.

A Colorado statute voids "[a]ll deeds of gifts, all conveyances ... of goods, chattels, or things in action, or real property, made in trust for the use of the person making the same shall be void as against the creditors *existing* of such person." Colo.Rev.Stat. § 38–10–111. Plaintiff was not an existing creditor at the time the trusts were created in 1983. He became entitled to stand in the shoes of all creditors existing at the time bankruptcy was filed in 1989; but there is no showing that debtor's ex-wife was a creditor in 1989, or that the mortgage holder in 1983 is claiming to share the bankruptcy estate.

■ Colorado courts would also hold void in a suit on behalf of creditors a trust in which the settlor is the sole beneficiary or has the sole power to reach the trust property. *Kaladic v. Kaladic,* 41 Colo.App. 419, 589 P.2d 502, 505 (1978) (holding illusory and

fraudulent a spendthrift trust that ex-wife attempted to create with marital assets shortly before divorce, naming herself as sole beneficiary). The trusts at issue before us are irrevocable. By their terms settlor is not the sole beneficiary, and he does not have the power to revest the trust property in himself.

■ Debtor is *a* beneficiary in that he has the right to occupy the residence during his life and use the furnishings, subject to a duty to keep up payments on any mortgage and to pay all taxes, insurance and utilities. The trust does not have spendthrift provisions—which would be ineffective in any event—to prevent current creditors from reaching settlor's interest. *See id.* Therefore, regardless of the success of plaintiff's other arguments, the value of debtor's life estate can be reached for the benefit of his creditors unless it is protected by Colorado's homestead exemption. *See* Colo.Rev.Stat. § 38–41–201 (limiting homestead exemption to $30,000). However, debtor presented factual support for his assertion that his own beneficial interest in the trusts was minimal; he paid $1652 per month for debt service, taxes and insurance, Appellant's App. 83, 98, while the rental value of the property was between $1250 and $1500 per month. *Id.* at 93.

Arguably debtor's right to occupy the residence gives him the right to use and enjoy the furnishings and clocks transferred to the trusts. There are cases holding that a life estate in consumable personal property is the equivalent to full fee simple title. *See, e.g., Seabrook v. Grimes,* 107 Md. 410, 68 A. 883 (1908). It is unlikely, however, that the furnishings and clocks transferred to the trust would be regarded as consumable. In any event debtor presented evidence that all but four of the clocks had been sold and the proceeds turned over to the children beneficiaries to pay their educational expenses and that all furniture except one desk and mirror had been given to the children some years ago.

■ Colorado law provides the following elements are required to establish an express

---

**2.** Debtor asserts that plaintiff did not raise the issue of sham trusts below, except as to the Colorado statute on self-settled trusts. We have

reviewed the pleadings and hold that plaintiff did raise the broader issue in his first and third claims for relief.

private trust: "(1) the settlor's capacity to create a trust; (2) his intention to create a trust; (3) a declaration of trust or a present disposition of the res; (4) an identifiable trust res; (5) a trustee; and (6) identifiable beneficiaries." *In re Estate of Granberry*, 30 Colo.App. 590, 498 P.2d 960, 963 (1972) (citing *Restatement (Second) of Trusts* § 17, et seq.; G. Bogert, *Trusts and Trustees* § 41, et seq. (2d ed.)); *see also Estate of Brenner*, 37 Colo.App. 271, 547 P.2d 938, 941 (1976). Settlor possessed the capacity in 1983 to create the trusts; he stated his intention in writing; his declaration was in a formal document duly executed and recorded; he transferred assets to establish an identifiable res; he named a trustee and identifiable beneficiaries. Thus, the trusts in the instant case are valid on their face. The trusts were executed for a purpose other than avoidance of creditors, to provide for children of a prior marriage in the context of settlor's marital problems. Unless the trusts are shams on the basis of their operation we must affirm the district court's judgment that the trusts are valid.

### III

■ Plaintiff asserts that in practice certain of the essential elements to establish valid trusts—intent, identifiable trust res, and a trustee—were rendered ineffective by the action of debtor and the trustee, and thus the trusts are shams. The burden of proof rests on the plaintiff, of course, to show that what appear on their face to be valid trusts are indeed shams.

We have not discovered, and the parties have not directed our attention to, any Colorado trust cases dealing specifically with creation of a sham trust by a debtor. We acknowledge, however, that there is persuasive authority in other contexts, particularly corporate and tax cases, that when a person in a position analogous to debtor here retains too much control over transferred property, ignores legal formalities, and uses the property as his own, the property is treated as owned by the transferor rather than the entity that is the nominal owner. We have

reviewed the cases relied on by plaintiff, but they are all distinguishable from the instant case.

In support of his sham trust argument, plaintiff alleges that debtor retained extensive control over the trust properties, citing debtor's retained authority to veto the sale of the home and to request replacement of that home with one of his choosing. But we note the trust instrument limits the amount spent to procure such a residence to the net proceeds of the sale plus additional contributions made by settlor, and limits the liabilities and risks of loss to that existing before the sale. Debtor's summary judgment motion was supported by evidence which if true, establishes that the trusts were settled and indeed operated for the benefit of his children. He provided deposition testimony that the clocks were sold to provide cash for the named beneficiaries' needs, and that nearly all of the furniture was distributed to the beneficiaries to furnish their apartments. He presented evidence that he paid out monthly more for debt service, taxes, and insurance than the fair rental value of the residence.

Plaintiff asserts that the trustee failed to administer the trusts. In support, he cites the trustee's deposition testimony that he had no inventory of the furniture and fixtures nor of their value, that he had no specific recollection as to the sale of any of the trust property, that he had no records concerning transactions involving trust property, and had "done almost nothing" in his role as trustee. Appellant's App. 217. Plaintiff thus presented evidence that the named trustee failed to properly administer the trusts, and that settlor carried out most of the trustee's duties. The trustee did sign and file tax returns and signed all papers respecting transfers of additional assets held in the trust and for a second mortgage placed on the residence.[3]

However, even if debtor acted as trustee, it does not follow that the trust is a sham. *Cf. Estate of Brenner*, 37 Colo.App. 271, 547 P.2d 938 (1976) (for estate purposes trust valid though settlor was sole trustee, sole income

---

**3.** Apparently debtor transferred some limited partnership interests to the trusts which later

proved worthless. The trustee acted for the trust in one major lawsuit. Appellant's App. 242–45.

beneficiary for his lifetime, with reserved power to amend and revoke the trust). Plaintiff produced no evidence to rebut the deposition testimony of debtor and the trustee that the trust property with respect to which settlor acted was used solely for the benefit of the children beneficiaries. Plaintiff produced no factual evidence of self-dealing by debtor. The most questionable transaction was the second mortgage placed on the residence, later paid off, and the lack of records as to where the proceeds of the loan were held pending their payout for educational expenses of the children. But even considering the post-summary judgment deposition testimony of debtor's wife, plaintiff cannot show that the proceeds were used other than for the sole benefit of the children beneficiaries. We hold that plaintiff has failed to meet his burden of creating a material issue of fact concerning the allegation that the trusts were shams operated for debtor's benefit. *See Applied Genetics*, 912 F.2d at 1241 (party opposing summary judgment must set forth specific facts showing a genuine issue for trial).

 Plaintiff also argues that the trusts failed by reason of merger of legal and equitable interests. The essence of a valid trust is separation of the legal and equitable interests in property, with legal title held by the trustee, and the beneficial interest vested in the beneficiaries. If at any point all of the legal and equitable interests are held by one person or entity, the interests merge and the trust fails. *See, e.g., In re Klayer*, 20 B.R. 270 (Bankr.W.D.Ky.1981) (merger of legal and equitable where a settlor was trustee and sole beneficiary). Courts have found merger where the settlor as trustee engaged in self-dealing and used trust property to secure his own debts, *see In re Flanzbaum*, 8 B.R. 971 (Bankr.S.D.Fla.1981). However, as long as the interests are in some way different, in the absence of self-dealing there is no merger. *See id.; Estate of Brenner*, 547 P.2d at 942 (where settlor named himself as trustee, with income for life and right to withdraw any or all property, or revoke trust, no merger because there were residual beneficiaries who had vested interests) (citing *Denver Nat'l Bank v. Von Brecht*, 137 Colo. 88, 322 P.2d 667 (1958)).

Even though debtor performed many of the duties of the trustee, there were other beneficiaries, there were limitations on debtor's life estate in the residence, and there was no evidence of self-dealing. Plaintiff has failed to raise a genuine issue as to whether the legal and equitable interests in the trusts merged.

We therefore AFFIRM the judgment of the district court. We deny debtor's motion to strike plaintiff's reply brief.