In re Charles Arlen HERMANN and Peggy Lee Hermann, Debtors.

R. Michele Russell, Plaintiff,

v.

Quality Auto City, Inc., Defendant.

Bankruptcy No. 01–20168.
Adversary No. 01–2044.

United States Bankruptcy Court,
D. Wyoming.

Dec. 10, 2001.

Janet L. Tyler, Laramie, WY, for Charles Arlen Hermann, Peggy Lee Hermann and Quality Auto Sales.

R. Michele Russell, trustee, R. Michele Russell, PC, Riverton, WY, pro se.

### *DECISION ON MOTION FOR SUMMARY JUDGMENT*

PETER J. McNIFF, Bankruptcy Judge.

On November 15, 2001, the complaint of R. Michele Russell, the trustee of the estate of the debtors Charles Arlen Hermann and Peggy Lee Hermann, came before the court on the parties' cross motions for summary judgment. Ms. Russell appeared pro se and the defendant through counsel, Janet Tyler. Ms. Russell seeks to avoid a transfer of a security interest to the defendant, Quality Auto City, Inc. (Quality Auto), through the avoidance powers found in 11 U.S.C. § 547(b).

### Jurisdiction

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(F). The trustee's motion is brought under Fed.R.Civ.P. 56, made applicable in adversary proceedings by Fed. R. Bankr.P. 7056.

Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *In re Baum*, 22 F.3d 1014, 1016 (10th Cir.1994). Under Rule 56(c), summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir.1994). The parties agree the facts are undisputed and judgment is appropriate as a matter of law.

### Findings of Fact

Quality Auto is a used car dealer in Albany County, Wyoming. On December 1, 2000, Mr. Hermann signed a promissory note and Security Agreement and Financing Statement pursuant to which he borrowed $7,525.59 to both finance and purchase a 1994 Ford pickup from Quality Auto. Mr. Hermann granted Quality Auto a security interest in the vehicle.

Also on December 1, 2000, an agent of Quality Auto signed a Title Reassignment Odometer Statement for the Ford pickup. Mr. Hermann took possession of the pickup on December 1, 2000. Quality Auto retained the title until January 15, 2001, when it was delivered to the Albany County Clerk. On January 19, 2001, the Clerk recorded the Quality Auto lien on the title and issued the title to the Ford pickup in the name of Charles Hermann.

Quality Auto does not dispute that the debtor was insolvent on January 19, 2001. On February 20, 2001, the Hermanns filed their voluntary petition for relief under

chapter 7 of the Bankruptcy Code. Forty nine days elapsed from the date the debtor obtained possession of the pickup until Quality Auto's lien was filed. Both the purchase of the vehicle and the filing of the lien occurred within the 90 days before the filing of the petition.

### Conclusions of Law

The trustee seeks to avoid the perfection of Quality Auto's lien as a preferential transfer pursuant to 11 U.S.C. § 547(b). Under that section, the trustee may avoid:

any transfer of an interest of the debtor in property

(1) to or for the benefit of a creditor;

(2) for or on account of antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent;

(4) made

(A) on or within 90 days before the date of the filing of the petition: ...

(5) that enables such creditor to receive more than such creditor would receive if

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Quality Auto argues the transfer was not on account of an antecedent debt. It also contends that a transfer of any interest the debtor had in the property could not occur until the debtor had record title under Wyoming law, so Quality Auto is actually the entity that made the transfer, not the debtor. The contentions are without merit.

*Antecedent Debt*

The debt in this case occurred on December 1, 2000, the date the debtor signed the loan obligation and paid the down payment. In fact, the debtor made a payment on the loan obligation on January 5, 2001, before the title was issued in his name.

■■■ The creation of a security interest is a transfer which, under § 547(e)(1)(B) & (e)(2), occurs when it is perfected; that is, when the secured party has done all acts required to perfect its interest under state law. *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651, 654, 139 L.Ed.2d 571 (1998). The perfection of the security interest in this case (and hence the transfer) occurred on January 19, 2001, the date Quality Auto's lien was recorded on the title.

Forty nine days elapsed between the loan disbursement and the perfection of the lien. Clearly, the transfer was made on account of an antecedent debt.

*Legal Title Argument*

■■■ The Bankruptcy Code provides a twenty-day grace period during which a secured lender can perfect a purchase money security interest, even though the perfection is on account of an antecedent debt. 11 U.S.C. § 547(c)(3)(B) & (e)(2)(A). Wyoming law grants priority to enabling loan lenders who perfect within that same time period, twenty days. Wyo. Stat. Ann. § 34.1-9-301(b)(Lexis 1999)(version of Article 9 in effect when this transaction occurred). Under § 547(c)(3)(B), the secured creditor is protected if it perfects a security interest in an enabling loan within twenty days of the date a debtor receives possession of the property. The critical date in the statute is the date of possession, not the date the debtor receives title.

Under § 547(e)(3), perfection of the security interest (the transfer) occurs when the debtor has acquired rights in the prop-

erty. Under Wyoming law, legal title is immaterial to whether a debtor has rights in the collateral. Wyo. Stat. Ann. § 34.1–9–202 (Lexis 1999). Furthermore, even if title were determinative, title to the vehicle passed to the debtor when he accepted delivery of the vehicle, irrespective of when the document of title was delivered. Wyo. Stat. Ann. § 34.1–2–401(a)(ii)(Lexis Nexis 2001).

Quality Auto's lien was filed and recorded on the title January 19, 2001. The elements of an avoidable § 547(a) transfer are present in this case unless Quality Auto can show it is protected by an exception in § 547(c).

*Statutory Exceptions*

■ Quality Auto contends that the contemporaneous exchange exception of § 547(c)(1) is applicable. This court has ruled on this issue numerous times, and some of the opinions are available on the court's internet site, www.wyb.uscourts.gov. The law is settled that in the purchase money loan context, a lender is not protected from a § 547 avoidance action by § 547(c)(1). *See, e.g., In re Locklin,* 101 F.3d 435, 443 (5th Cir.1996); *In re Holder,* 892 F.2d 29 (4th Cir.1989); *In re Arnett,* 731 F.2d 358 (6th Cir.1984) (section 547(c)(1) not applicable to either non-purchase money interests or enabling loans). All circuit courts ruling on this issue have held that § 547(c)(3) is the only exception available to a purchase-money-security-interest lender. The Tenth Circuit has not ruled on the question, but did apply a strict statutory construction to § 547(c)(3) in *In re Hesser,* 984 F.2d 345, 348 (10th Cir.1993).

In cases where the courts have found § 547(c)(1) to provide a defense, the facts involved non-purchase money loans. *In re Marino,* 193 B.R. 907 (9th Cir. BAP 1996), *aff'd* 117 F.3d 1425 (9th Cir.1997).

■ Second, Quality Auto contends the ordinary course of business exception found in § 547(c)(2) is applicable here. In support of the argument, Quality Auto describes its general practice with regard to the filing of liens. The practice, to hold the title until the sales taxes are paid, was implemented in response to a Wyoming Supreme Court decision holding a creditor liable for transfer taxes after a repossession and foreclosure. *Rock Springs Ford Nissan v. State Bd. of Equalization, Wyo. Dept. of Revenue,* 890 P.2d 1100 (Wyo. 1995).

The § 547(c)(2) exception applies by its terms to "payment of a debt incurred by the debtor." The trustee is not seeking to avoid a debt payment in this, case and the section is totally inapplicable. Furthermore, the exception applies to the ordinary course of business between the "debtor and the transferee." There is no evidence of any other transaction between Quality Auto and Mr. Hermann to establish a course of business.

■ Finally, Quality Auto argues it should not be held to the twenty-day perfection period in § 547(c)(3) because the delay in this case was caused by the debtors and by practices of the Albany County Clerk implementing Wyoming statutes. Even if there were an equitable exception to § 547(c)(3), this case is not it.

Whether or not the Albany County Clerk will not issue a certificate of title until sales tax and registration fees are paid, Quality Auto was in control of the circumstances under which the funds were loaned to the debtor and the debtor gained possession of the vehicle. The tax collection procedures of the Albany County Clerk are not an excuse for failing to timely perfect a security interest on a purchase money loan.

The time worn arguments of Quality Auto are baseless. Accordingly, the court holds that the security interest of Quality Auto Sales, Inc. in the debtor's 1994 Ford pickup is avoidable as a preferential transfer. The court will issue a judgment for the plaintiff on her complaint.