**In the Matter of the ESTATE OF Robert A. STRATTON, Deceased.**

**ESTATE OF Paul O. STRATTON, Betty L. Stratton, Executrix, Appellant (Petitioner),**

v.

**Signe M. STRATTON, A.D. Fulton, Joseph B. Stratton and Donald N. Stratton, Appellees (Respondents).**

No. 88-1.

Supreme Court of Wyoming.

June 28, 1988.

Mason F. Skiles, Laramie, for appellant.

Catherine MacPherson of Johnson, MacPherson & Noecker, Rawlins, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, MACY, JJ.

BROWN, Chief Justice.

After a hearing upon the objections of certain legatees to the executor's proposed apportionment of taxes the court ruled:

"* * * all taxes occasioned by the death of Robert A. Stratton shall be paid from the residue of the estate, and shall not be apportioned among all person in the estate."

Appellants raise two issues:

I

"Whether there should be apportionment of Federal Estate Taxes in the Robert A. Stratton Estate."

II

"Whether there should be apportionment of State Inheritance Taxes in the Robert A. Stratton Estate."

We will affirm.

Robert A. Stratton died testate on September 12, 1986. Under the terms of the will certain devises and bequests were made to individuals and nonprofit entities. The residuary clause (Article Thirteen) of decedent's will provided:

"All of the rest, residue and remainder of my estate, after paying all expenses, costs of administration and taxes, not hereinbefore devised or bequeathed, I give, devise and bequeath unto Donald Norman Stratton Seventy-five (75) percent thereof, and unto Paul O. Stratton, Twenty-five percent thereof."

On July 17, 1987, a first accounting and petition for partial distribution was filed seeking partial distribution, subject to each beneficiary paying "his proportionate share of the federal estate and state inheritance taxes." Appellees objected to the proposed apportionment of taxes. The trial court ruled that the residuary estate should pay the taxes rather than the legatees.

I

In their appeal appellants contend that § 2–10–103, W.S.1977 (July 1980 Replacement), mandates that taxes must be apportioned. That statute provides in part:

"Unless the will otherwise provides, the tax shall be apportioned among all persons in the estate. * * *"

Appellees contend that Article Thirteen, supra, is a clear and unambiguous directive against apportionment. We agree.

Sections 2–10–101 through 2–10–110, W.S.1977 (July 1980 Replacement), provide for a statutory scheme for apportionment of federal estate taxes. However, these federal estate tax apportionment statutes do not apply when the will establishes the manner or fund from which the payment of taxes is to be made. § 2–10–103; *Taggart*

*v. United States*, 306 F.Supp. 430, 433 (D.Wyo.1969) aff'd sub nom.; *In Rennies Estate*, 430 F.2d 1388 (10th Cir.1970).

"A will should be read in the ordinary and grammatical sense of the words employed, in their usual and legal significance, in their usual and most known signification, according to their natural and reasonable meaning, or in their general and popular meaning as understood by the testator who employed them." Annotation, *Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes*, 69 A.L.R.3d § 4(e) at 208–209 (1976).

"A direction that all taxes shall be paid out of the general estate as part of the expenses of administration is sufficiently broad to exempt every form of legacy, pecuniary, demonstrative, or specific, and a direction for payment out of the residue of any and all estate or inheritance taxes levied upon the estate or any part thereof exonerates dispositions made in the will prior to the disposition of the residue, but has been held not to exonerate those who share in the residue. * * *" Id., § 6(A) at 221.

With respect to the statute apportioning taxes[1] we said in *In re Ogburn's Estate*, Wyo., 406 P.2d 655, 657 (1965):

"The statute accomplishes three general purposes. First, it preserves the inherent and recognized right of a testator or testatrix to designate the fund from which such taxes are to be paid. Secondly, it abrogates the common-law rule that, absent such a designation, the burden of payment was first to be imposed upon the residuary estate. Thirdly, and again absent a directive in the will to the contrary, it apportions the tax—without regard to special or general devises and bequests—commensurately to those benefited by the gifts of property upon which the Federal tax has been imposed."

The Ogburn case dealt with an apportionment problem similar to the problem here. The will in Ogburn provided:

"FIRST, I direct the payment of all my just debts, taxes, funeral expenses and expense of administration of my estate."

We held in that case that this provision in the Ogburn will was a sufficient directive against apportionment of federal estate taxes with respect to testamentary gifts. In the *Matter of the Estate of Bell*, Wyo., 726 P.2d 71, 78 (1986), we quoted Ogburn with approval. In this latter case, however, the directive against apportionment was more detailed.

No extrinsic evidence is necessary to determine whether or not a certain fund was designated by the decedent to bear the burden of "all taxes" as well as the costs of administration, the language of the will is clear and unambiguous. All taxes are to be paid from the residuary estate before distribution of the residuary estate.

■ We hold that the directive "[a]ll of the rest, residue and remainder of my estate, after paying all expenses, costs of administration and taxes * * *" is a sufficient expression of intent against statutory apportionment of taxes.

### II

Wyoming tax apportionment statutes §§ 2–10–101 through 2–10–110 provide only for apportionment of federal estate taxes. See § 2–10–102(a)(vi). Earlier statutes, §§ 39–6–801 through 39–6–807, W.S.1977, provided for apportionment of state inheritance taxes. These latter statutes have been repealed. See §§ 39–6–801 through 39–6–807, W.S.1977 (Cum.Supp.1982). Because presently there is no statute providing for the apportionment of state inheritance taxes, such taxes must be paid according to common law rule.

■ The common law rule is that absent a designation of the fund from which taxes are to be paid, the burden of payment is

---

**1.** Section 2–10–103, W.S.1977 (June 1980 Replacement) first became law in 1959. 1959 Wyo. Sess. Laws, Ch. 171, § 2, codified as § 2–338, W.S.1957 (Cum.Supp.1959), later renumbered as § 2–7–103, W.S.1977.

first imposed upon the residuary estate. *In re Ogburn's Estate,* supra, at 657.

We find no error in the trial court's "order upon proposed apportionment of taxes."

Affirmed.