No. 18,974.

HORATIO S. RAMSEY, AS EXECUTOR OF THE ESTATE OF EVA S. NORDLOH, ET AL. *v.* ALBERT NORDLOH, ET AL., AS LEGATEES OF EVA S. NORDLOH.

(354 P. [2d] 513)

Decided August 2, 1960.

Mr. RICHARD H. SIMON, for plaintiffs in error.

Mr. LESLIE A. GIFFORD, Mr. RICHARD L. GREENER, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THE last will and testament of Eva S. Nordloh disposing of an estate of approximately $500,000.00 was admitted to probate in Arapahoe County, Colorado, on February 4, 1958. In June 1958 defendants in error filed a Petition for Clarification in that court relating to Article VI of the will. They asked for the correction of one word therein and alleged that their respective federal estate taxes, if any, on each $8,000.00 bequest should be limited to $360.00, as opposed to $2,116.00 on each share as alleged by the executor.

Article VI reads:

"I direct that each legatee or devisee shall pay the inheritance, estate *of* succession taxes on his or her inheritance under this will, or if paid by my estate that the amount thereof be deducted from such a legacy or devise." (Emphasis supplied.)

On August 22, 1958, the county court issued its order correcting the word "of" to "or" in the phrase "estate of succession" and held that none of the specific legatees under the will were liable for any federal taxes on their respective shares. The executor then appealed to the district court which upheld the county court's findings. This writ of error followed.

The two questions presented here are:

1. Is Article VI a sufficient declaration to require all beneficiaries to pay their respective shares of the fed-

eral estate tax and did the testatrix so intend them to pay such taxes?

2. If all beneficiaries are to pay such taxes how are they to be computed?

1. *As to who pays the taxes in question?*

The defendants in error now urge that the entire burden of the federal estate tax should fall upon plaintiffs in error who are the residuary beneficiaries, but they cite no specific authority governing this precise fact situation. Let us examine briefly the applicable law.

■ The general rule is that the federal estate tax is not payable by legatees out of legacies, as such, but is payable out of the corpus of the estate. This tax is upon the entire estate and not upon the distributive share of individual beneficiaries. Thus in the absence of a state statute directing how this tax is to be paid or in the absence of a clear expression by the testatrix as to how the taxes should be paid the rule is that specific legacies are paid without this deduction being made from them. See 28 Am. Jur. 136, §279. If a testatrix fails to direct who pays the tax the burden is left where the law has placed it. *Bemis v. Converse* (1923), 246 Mass. 131, 140 N. E. 686. Colorado has no statute in this regard and has only a statutory inheritance tax with specified rates for each inheritance, so we are governed here by the adequacy and intent of Article VI.

■ In the instant case it was error for the trial courts to conclude, as they did, that federal estate taxes were not included by the testatrix within the meaning of Article VI. A paramount rule of construction is that each word in an instrument is to be given meaning if at all possible. To say that the federal tax is not to be paid by each beneficiary here is to completely disregard the testatrix's use of the word "estate" in Article VI. She had to mean something by its use and we conclude she could only have meant the federal estate taxes. But, it is urged by defendants in error that the testatrix also had to use the word "federal" preceding the word "es-

tate." With this we cannot agree. The testatrix said all that was needed and we deem the clause fully and clearly adequate to carry out her intention of requiring all beneficiaries to pay the tax in question. She adequately shifted the burden by the language used. See *Beals v. Magenis* (1941) 307 Mass. 547, 31 N. E. (2d) 20. Compare Hoffmann Estate (1960), 399 Pa. 96, 160 Atl. 2nd 237.

2. *As to how the federal estate tax is to be apportioned?*

█ Defendants in error's position is that if they must pay any tax they should pay only the percentage on $8,000.00 for each bequest computed at the base of the tax table. In other words that each $8,000.00 legacy is a separate estate with a top bracket of $8,000.00. This is a wholly untenable position. This tax is imposed upon the entire estate. It actually is on the right to transfer the property, which is different from the Colorado Inheritance tax which is payable on the right to receive each share. Here the lien of the tax extends to every asset of the taxable estate. The government may seize any part of the taxable estate to enforce payment of its tax. The tax thus is a common burden and it follows is no more the obligation of one beneficiary than of all the others. In fact if one beneficiary pays more than his share of the common liability he should be entitled to contribution from the others under the theory of equitable apportionment. See *Wilmington Trust Co. v. Copeland,* (1953), 33 Del. Ch. 399, 94 A. (2d) 703; and *King, Colorado Practice Methods,* Volume 1, Section 650, "Payment And Apportionment of Death Taxes." As was said in *Pearcy v. Citizens Bank & Trust Co. of Bloomington* (1951), 121 Ind. App. 136, 96 N. E. (2d) 918, 926:

"In the case of Succession of Ratcliff, 1947, 212 La. 563, 33 So. (2d) 114, 117, in holding that a widow was liable for her proportionate share of the Federal estate tax, the court said: 'We think that the failure of counsel to discover the justice in requiring that the tax be shared proportionately by all emanates from their un-

willingness to recognize that there is but one estate for federal taxation purposes and that the tax is levied on the whole, i.e. — the community and separate property. This being so, *equitable principles demand that the burden be divided between all persons sharing in the estate in accordance with their respective interests. * * *"*

We conclude that the method of apportionment sought to be imposed by the executor here is correct and that each beneficiary must pay that part of the tax that their respective bequests bear to the net amount of the estate upon which the tax is calculated.

Judgment reversed.

Mr. Justice Knauss and Mr. Justice Frantz concur.