Addie B. TAGGART, Administratrix of the Last Will and Testament and the Estate of Mary Isabella Rennie, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 5304.

United States District Court
D. Wyoming.

Dec. 3, 1969.

Harry L. Harris and Charles D. Phillips, Evanston, Wyo., and Carl L. Lathrop, Cheyenne, Wyo., for plaintiff.

James P. Parker, Dept. of Justice, Washington, D. C., and Richard V. Thomas, U. S. Atty. for the District of Wyoming, for defendant.

*Judge's Memorandum*

KERR, District Judge.

This is a civil action for the refund of $29,373.40 in federal estate taxes and interest paid by the estate of Mary Isabella Rennie, who died October 16, 1964.

A single question is involved, viz: whether, under the Will of Mary Isabella Rennie and the laws of the State of Wyoming, one-half of the amount of the federal estate taxes levied on Mrs. Rennie's estate is to be apportioned to and paid out of the bequest of one-half of her residuary estate in favor of the Memorial Hospital of Uinta County in Evanston, Wyoming.

A claim for refund was filed with the District Director, Internal Revenue Service, for the District of Wyoming, on July 11, 1966. The claim was rejected on January 27, 1967.

By the terms of the Will, the testatrix devised and bequeathed one-half of her estate after payment of all costs and expenses of administration to a nephew and two nieces of her late husband and devised and bequeathed the remaining one-half of her estate to the Board of Trustees of the Memorial Hospital of Uinta County, in Evanston, Wyoming. The Will provides in part as follows:

"I direct that each of my beneficiaries shall pay his, her, their or its

individual portion of all state and federal inheritance or income taxes or levies."

Plaintiff contends the Will does not direct that the hospital should pay its portion of federal estate taxes, and thus the hospital is exempt from payment of such taxes as provided for by Section 2055(a) (2) of the Internal Revenue Code of 1954 and by Section 2–341 of the Uniform Estate Tax Apportionment Act in the State of Wyoming.

On the other hand, the United States contends that the Will does direct the hospital to pay its portion of federal estate taxes.

Section 2055(a) (2) of the Internal Revenue Code of 1954 provides that:

" * * * the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *."

Sub-section (c) of Section 2055 provides in substance that if the tax imposed is, either by the terms of the Will or by the law of the jurisdiction under which the estate is administered, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes. In other words, the Internal Revenue Code of 1954 provides for a charitable deduction and also provides for no deduction if the terms of the Will or the law of the jurisdiction where the Will is administered directs otherwise.

The State of Wyoming has adopted the Uniform Estate Tax Apportionment Act. § 2–336 et seq. Wyoming Statutes, 1957. Section 2–338 of the Act provides that if the Will fails to direct that estate taxes shall not be apportioned, or unless the Will provides that estate taxes shall be apportioned in a particular manner, then the tax shall be apportioned under the statute among all persons interested in the estate. Section 2–341 provides as follows:

"In making an apportionment, allowances shall be made for any exemptions granted, and for any deductions and credits allowed by the law imposing the tax." See § 2–341(a).

"Any exemption or deduction allowed by reason of * * * the purposes of the gift shall inure to the benefit of the person * * * receiving the gift * * *." See § 2–341 (b).

Thus, the Internal Revenue Code of 1954 provides the exemption for the hospital unless the terms of the Will or the law of Wyoming deprive the hospital of the exemption. It is clear that under the Uniform Estate Tax Apportionment Act, the State of Wyoming has preserved the charitable deduction provided for by the Internal Revenue Code of 1954. This leaves the terms of the Will as the only means by which the deduction may be determined. If the Will does not provide for apportionment of the Federal Estate Tax, and does not clearly direct against apportionment, then the tax will be apportioned under the Uniform Act in effect in Wyoming.

In this case it is clear that the Will does not direct against apportionment. This leaves the only remaining question of whether the terms of the Will direct apportionment in such a manner as to deprive the hospital of the charitable deduction to which it would otherwise be entitled, both under the federal statute and as preserved by the Wyoming law.

In order to determine this question, it is necessary to look to the language of the Will in order to determine the intent of the testatrix. The intention of the testatrix is to be ascertained if at all possible from the meaning of all the words used in the context

of the entire Will. In Re Ogburn's Estate, 406 P.2d 655 (Wyo.1965). Another principal rule of construction is that each word in an instrument is to be given meaning if at all possible. Ramsey v. Nordloh, 143 Colo. 526, 354 P.2d 513 (1960). The majority rule is that if the Will is ambiguous or uncertain, then the Court may not resort to extrinsic evidence in order to ascertain the intent of the testatrix. On the other hand, if the Will is ambiguous or uncertain, then extrinsic evidence may be taken into consideration in order to determine the intention of the testatrix. See generally 57 Am.Jur., Wills, Section 1061, p. 687. In the case of In Re Lendecke's Estate, 79 Wyo. 27, 329 P.2d 819 (1958), it is clear that the law of the State of Wyoming follows the general principles as stated above. In the Lendecke case, supra, the Court stated that, "Jurists have often declined to supply words for a testatrix, especially where the will is clear and unambiguous." In declaring that the Will in question was ambiguous, the Court in the Lendecke case stated: "the intention of the testatrix could, perhaps, have been ascertained ·had there been extrinsic evidence of her actions, statements, and the like * * *."

The State of Wyoming in the case of In Re Ogburn's Estate, supra, has recognized the distinction between state inheritance taxes and federal estate taxes, in that case the Court stated:

"Unlike our inheritance tax, the tax is not imposed upon the privilege of the devisees, legatees, and heirs to take and receive an interest in property from a decedent. Rather it is a tax imposed upon the interest of a decedent which ceased by reason of death thus causing the transfer of such interest to the recipients thereof."

▊ In the present case, I think it is clear that the Will in question is ambiguous and uncertain. The language used in the fifth paragraph of the Will is uncertain as to whether federal estate taxes are included in the phrase, "all state and federal inheritance or income taxes or levies". While there is no Wyoming case law cited to the Court which is directly in point, the earlier cases held that a reference to "inheritance taxes" was sufficient to designate "estate taxes". See generally, 37 A.L.R.2d, Section 20, pp. 83–85. The more recent cases, however, have drawn a more definite distinction between inheritance taxes and estate taxes. See In Re Ogburn's Estate, supra. In the case of Moore v. Moore, 204 Tenn. 108, 315 S.W.2d 526, 531 (1958), the Court stated:

"* * * the will in this case was drawn by an attorney and the distinction between State Inheritance taxes and Federal Estate taxes is so widely known that in our opinion the express mention of Inheritance taxes indicates an intention not to include Federal Estate taxes."

In the case of In Re Burnett's Estate, 43 N.J.Super. 534, 129 A.2d 321 (1957), the absence of estate taxes in a list of taxes set forth in the Will was thought to be significant in that estate taxes were not intended to be included among those taxes which were to be paid. The Court recognized the distinction between inheritance taxes and estate taxes and noted that the testatrix was attended by legal advisors and accountants of the first rank. Having recognized this, the Court went on to state, "She was undoubtedly aware of the legal and tax consequences * * *. The phraseology of the will was unquestionably deliberate and meaningful." In the case of Ramsey v. Nordloh, supra, the Colorado court noted specifically the inclusion of the word, "estate", and gave meaning and effect to the word as "federal estate taxes".

In the present case there is no reference to the word, "estate", in the Will. While it is true that the word "federal" is set forth specifically, this word must be placed in context so that it has meaning within the entire sentence comprising the fifth paragraph of the Will.

Since the State of Wyoming has no state income tax, but does have a state inheritance tax, and also since there is no such tax, per se, as a federal inheritance tax, the only construction which can be placed upon this sentence to give it meaning is to say that the testatrix intended the word "state" to associate with "inheritance" and the word "federal" to associate with the words "income taxes". With this particular phraseology in the Will and a complete absence of the term "estate", the testatrix must have intended to exclude federal estate taxes from the apportionment as set forth in the Will. The testatrix was attended by an able attorney and an experienced accountant in the preparation of her Will and she was competent in the conduct of her business affairs. The absence of the word "estate" is significant in light of the distinction between estate and inheritance taxes. The Wyoming court in In Re Ogburn's Estate, supra, recognized that a directive against apportionment should be expressed in clear and unambiguous language, and I think that it can be said that a directive setting forth an apportionment which deprives a beneficiary of a statutory exemption should also be expressed in clear and unambiguous language. This has not been done in the present case by the testatrix, and I can only conclude that the testatrix intended to omit an apportionment of federal estate taxes, thereby allowing the exemption of the Memorial Hospital of Uinta County.

Having held that the testatrix did not intend to apportion the federal estate tax, the hospital is entitled to the charitable deduction as provided by Section 2055(a) (2) of the Internal Revenue Code of 1954 and as preserved by Section 2–341 of the Uniform Estate Tax Apportionment Act in Wyoming.

This memorandum sufficiently states the findings of fact and conclusions of law and additional findings and conclusions are unnecessary.