547 P.2d 938 (1976)
In the Matter of the ESTATE of R. Forrest BRENNER, a/k/a Russell Forest Brenner, a/k/a R. F. Brenner, a/k/a Robert Brenner, Deceased.
Marjorie W. McLEAN, Administratrix of the Estate of Evelyn Brenner, Appellant,
v.
Steven Thomas BRENNER, Intervenor, Appellee, and
Neal Evan Brenner, Executor of the Estate of R. Forrest Brenner.
No. 75-185.
Colorado Court of Appeals, Div. I.
January 2, 1976.
Rehearing Denied January 29, 1976.
Certiorari Denied March 29, 1976.
*940 Marjorie W. McLean, Richard A. Jost, Gary S. Held, Denver, for appellant.
Yegge, Hall & Evans, Paul D. Cooper, Denver, for appellee.
Selected for Official Publication.
RULAND, Judge.
Evelyn Brenner and R. Forrest Brenner (Brenner) were married in 1966. On February 23, 1968, Brenner executed both a will and a revocable trust instrument. Both parties were murdered in 1973, with Brenner predeceasing his wife. In conjunction with the administration of Brenner's estate, the probate court determined that the revocable trust was valid and that the executor of Brenner's estate must pay all expenses of administration and death taxes from the probate estate. The administratrix of Evelyn's estate appeals that judgment. We affirm.
Brenner's will devised all of his property to Evelyn, except for the property held in trust or in joint tenancy. The revocable trust instrument created two trust estates captioned "The R. Forrest Brenner Trust" and "The Mile Hi Reporting School Trust." The executor of Brenner's estate inventoried the assets of the Mile Hi trust as part of the probate estate, on the theory that this trust was never funded and was therefore invalid. Evelyn was named the beneficiary of the assets of the Mile Hi trust under both the terms of the will and the Mile Hi trust.
In the R. Forrest Brenner trust, Brenner declared himself trustee of the real property described in an "exhibit" which was attached to the trust instrument. On the date the trust instrument was executed by Brenner, he did not own the property listed in the "exhibit"; however, this property was conveyed five days later to "R. Forrest Brenner, Trustee for R. Forrest Brenner." All income and other proceeds from the trust property were payable to Brenner during his lifetime, and, upon his death, the trust instrument directed the successor trustee to sell all of the trust property and distribute the proceeds to the residual beneficiaries, unless those beneficiaries elected to retain the property pursuant to the terms of the trust. The residual beneficiaries were Brenner's children by a prior marriage and his niece.
The gross value of Brenner's probate estate, including the assets of the Mile Hi trust, was approximately $35,000. The value of the assets in the R. Forrest Brenner trust was approximately $200,000.
After Brenner's will was admitted to probate, the executor filed a petition for instructions concerning the Mile Hi trust assets, and appellant filed a petition challenging the validity of both trusts. Following a hearing, the probate court made extensive findings of fact and conclusions of law and held that both trusts were valid. Appellant filed a petition for rehearing and a petition for apportionment of the federal estate taxes, the Colorado State Inheritance taxes, and the cost of administration between the R. Forrest Brenner trust and the probate estate. The probate court denied the petition for rehearing and instructed the executor to pay all expenses of administration and taxes from the probate estate.
*941 Appellant asserts that the probate court erred in determining that both trusts were valid. However, the assets allocated to the Mile Hi trust pass to Evelyn's estate under both the provisions of the trust and the will, making the issue of validity of the trust academic. Therefore, we do not review the probate court's decision relative thereto. See Wilson v. Board of Regents, 46 Colo. 100, 102 P. 1088.

I. Validity of the R. Forrest Brenner Trust
To establish a valid express trust, it must appear that: (1) Brenner had the capacity to create a trust; (2) Brenner intended to do so; (3) Brenner took the steps necessary to declare a trust; (4) there was an identifiable trust estate; (5) a trustee; and (6) identifiable beneficiaries. In re Estate of Granberry, 30 Colo.App. 590, 498 P.2d 960.
Appellant contends that Brenner's declaration of trust by the trust instrument was ineffective because Brenner lacked the capacity to transfer the property described in the attached "exhibit" to the trust until five days after the trust instrument was signed and that, therefore, there was no immediate and present transfer of property to the trust. The trial court resolved this contention by finding that a one dollar bill attached to the trust instrument was placed there by Brenner and that this was a sufficient transfer of property.
It is unnecessary to discuss the trial court's ruling on this issue since we hold that the conveyance of the real property to Brenner as trustee five days after he executed the trust instrument effectively validated the trust. Where, as here, an individual manifests an intention to create a trust in property to be acquired in the future, and thereafter confirms this intent by taking the steps necessary to transfer the property to the trust, the property so transferred becomes subject to the terms of the trust. See, e.g., Universal Insurance Co. v. Steinbach, 170 F.2d 303 (9th Cir.); In re Estate of Ingram, 212 Kan. 218, 510 P.2d 597; see also Restatement (Second) of Trusts § 26(e); Annot., 3 A. L.R.3d 1416 at 1439. For reasons stated hereafter, we do not believe that the foregoing rule is inapplicable merely because Brenner was settlor, trustee, and lifetime beneficiary of the trust.
Appellant contends, in effect, that the evidence failed to establish Brenner's intent to establish a trust. In support of this contention, appellant relies upon evidence, inter alia, that Brenner failed to prepare and file the requisite Colorado and federal tax forms relative to a trust, that he failed to keep separate books, records, and bank accounts relative to the trust property, that he reported income and expenses from trust property on an individual income tax form, and that he did not advise either Evelyn or his accountant of the existence of the trust. However, other evidence established that Brenner took title to the property described in the "exhibit" as trustee, that he acquired additional real estate as trustee, and that he executed a contract as trustee relating to both properties. The evidence and inferences therefrom being in conflict, the trial court's determination that Brenner intended to create a trust and thereby provide for his children and niece, as natural objects of his bounty, may not be disturbed on review. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537; Thiele v. State, 30 Colo. App. 491, 495 P.2d 558.
Appellant next contends that the declaration of trust was invalid by reason of the extensive control retained over the trust property by Brenner through his appointment as trustee, his reservation of all income during his lifetime, the right to revoke, alter, or amend the trust, and the sole power to invest, reinvest, manage, and control the trust property. We disagree.
The retention of such powers by the settlor has been approved in Denver National Bank v. Von Brecht, 137 Col. 88, 322 P.2d 667; and, based upon Von Brecht, in *942 Hageman v. First National Bank, 32 Colo. App. 406, 514 P.2d 328. Since retention of such powers by the settlor did not affect the validity of the trust in those cases, we are unable to conclude that Brenner's appointment of himself as trustee requires a different result. See, e.g., Nickson v. Filtrol Corp., 262 A.2d 267 (Del.Ch.); Farkas v. Williams, 5 Ill.2d 417, 125 N.E.2d 600. Regardless of whether Brenner or another serves as trustee, Brenner's control over the trust estate is the same. Cf. In re the Estate of Granberry, supra; see also Restatement (Second) of Trusts § 57(h). In either case, the interest of the residual beneficiaries, such as it is, vests at the time the trust is created. See Von Brecht, supra.
Since Brenner named himself as trustee, reserved the right to income for his life, the right to withdraw any portion of the trust property, and the right to alter, amend, or revoke the trust, appellants contend there was a merger of legal and equitable title to the trust property which invalidated the trust. Again, we disagree. This argument overlooks the fact that the interest of the residual beneficiaries vests per the rule in Von Brecht. See also 1 A. Scott, Trusts § 57.6 (3rd ed.).
Contrary to appellant's contention here, authorities dealing with attempted inter vivos gifts which fail because the grantor chooses not to make delivery of the gift property prior to death are inapplicable here. See, e.g., Urbancich v. Jersin, 123 Colo. 88, 226 P.2d 316. An express trust is not governed by the rules relating to gifts. Cf. In re Estate of Granberry, supra.
We have considered appellant's other contentions relative to the validity of the trust and find them to be without merit.

II. Costs of Administration and Taxes
Appellant also contends that the trial court erred in instructing the executor to pay from the probate estate all expenses of administration and all taxes resulting from the devolution of the probate estate, the joint tenancy assets, and the "F. Forrest Brenner Trust property." We disagree.
A testator has the power to direct how the costs of administration and death taxes are to be paid. See Ramsey v. Nordloh, 143 Colo. 526, 354 P.2d 513. He may direct that all the expenses be born solely by the probate estate, rather than being apportioned between the probate estate and non-probate assets. Williams v. Stander, 143 Colo. 469, 354 P.2d 492. If the testator indicates his intention by appropriate language, his directions are controlling. In re Wheeler's Estate, 65 Ill. App.2d 201, 213 N.E.2d 35.
The "residuary portion" of Brenner's estate was defined in his will as all of his property except "property held by me in trust or in joint tenancy." Article II of Brenner's will directed the executor:
"[T]o pay all debts . . . against my estate, the expenses of . . . administering my estate, and any and all estate, inheritance, legacy, succession and transfer taxes imposed and made payable under the laws of the United States, or of any state or county, by reason of my death, and to charge such payments as a testamentary expense against either the income or principal, or both, of the residuary portion of my estate . . . ."
Article IX of the Mile Hi trust directed the successor trustee to pay all of the "settlor's just debts" including all death taxes "payable in respect to the settlor's estate." The R. Forrest Brenner trust made no provision for payment of expenses or taxes from the assets of that estate. Hence, we agree with the trial court that Brenner did not intend the expenses and taxes to be apportioned in any manner between the probate estate and the R. Forrest Brenner trust, and we are unable to ignore Brenner's expressed intent on this issue merely because the assets of the probate estate will be consumed in payment of expenses and taxes. Williams v. Stander, supra.
If the assets of the probate estate are insufficient to pay the administration expenses *943 and taxes, the balance remaining will be due from the R. Forrest Brenner trust. In re Will of Hamilton, 69 Misc.2d 246, 329 N.Y.S.2d 698.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.