**Carol S. ARZT, Executrix of the Estate of Elvira Royle Sullivan, Plaintiff,**

**v.**

**Marilyn D. SAVARESE, Successor Trustee of the Elvira R. Sullivan Trust dated November 11, 1970; Ashleigh Moorhouse, Misty Kiesler, and Monica C. Moorhouse, Beneficiaries; and Nationsbank, Trustee of the Elvira R. Sullivan Trust dated July 6, 1935, Defendants.**

**No. Civ.A. 98–354 MMS.**

United States District Court,
D. Delaware.

Feb. 3, 1999.

Norris P. Wright, and Michael A. Weidinger, of Morris, James, Hitchens & Williams, Wilmington, DE, for plaintiff.

William H. Sudell, Jr., and Derek C. Abbott, of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for defendants Marilyn D. Savarese, Successor Trustee and Nations-Bank, Trustee.

Peter S. Gordon, and Jane T. Monahan, of Gordon Fournaris & Mammarella, P.A., for defendant Ashleigh Moorhouse, Misty Kiesler, and Monica C. Moorhouse.

## OPINION

SCHWARTZ, Senior District Judge.

### I. INTRODUCTION

Plaintiff Carol S. Arzt ("Arzt"), Executrix of the Estate of Elvira R. Sullivan ("Estate") seeks reimbursement of approximately $300,-000 from defendants, beneficiaries of the Estate for federal estate taxes paid by her on behalf of the Estate. Arzt claims a statutory right of reimbursement under 26 U.S.C. § 2207B. On July 6, 1998, the defendants filed a motion to dismiss and Arzt countered by filing a motion for summary judgment. The sole legal issue is whether Arzt is entitled to reimbursement under 26 U.S.C.

§ 2207B. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. For reasons that follow, defendants' motion to dismiss will be granted and Arzt's motion for summary judgment will be denied.

## II. BACKGROUND

Elvira Royle Sullivan ("Sullivan") died testate in New Castle County, Delaware, on March 31, 1997. Arzt received letters' testamentary appointing her as Executrix of Sullivan's Estate on April 8, 1997. During her lifetime, Sullivan created two irrevocable trusts, one in 1935 and the other in 1970 (collectively the "Trusts").

Arzt's claim for reimbursement rests on section 2207B. Section 2207B incorporates section 26 U.S.C. § 2036 of the Internal Revenue Code (the "Code"), as a threshold test of whether 2207B applies and affords a right of reimbursement. Pursuant to section 2036 the 1935 trust and the 1970 trust were included in the Sullivan Estate for federal tax purposes. Arzt asserts she has a right of recovery because the Trusts by reason of section 2036 come within the purview of section 2207B.

Section 2207B reads in relevant part:

(a) **Estate tax.**—

(1) **In general.**—If any part of the gross estate on which tax has been paid consists of the value of property included in the gross estate by reason of section 2036 (relating to transfers with retained life estate), the decedent's estate shall be entitled to recover from the person receiving the property the amount which bears the same ratio to the total tax under this chapter which has been paid—

(A) the value of such property, bears to

(B) the taxable estate.

(2) **Decedent may otherwise direct.**—Paragraph (1) shall not apply with respect to any property to the extent that the decedent in his will (or a revocable trust) specifically indicates an intent to waive any right of recovery under this subchapter with respect to such property.

**Effective Date:** If an amount is included in the gross estate of a decedent under section 2036 of this title other than solely by reason of section 2036(c) of this title, this section is applicable to such amounts only with respect to *property transferred* after November 10, 1988.[1] (Emphasis added)

The dispute between the parties and issue before this Court is the meaning of the phrase "property transferred" as used in section 2207B above. Arzt asserts that "property transferred" applies to the transfer of property that occurs upon the death of the person in whose estate the property is included. Defendants counter that "property transferred" applies to property transfers that were made during Sullivan's lifetime into the two Trusts. The parties agree that if the Court were to interpret "property transferred" as referring to inter vivos property transfers into a trust, then section 2207B is inapplicable because the property here was transferred into the two Trusts in 1935 and 1970, well before November 10, 1988, the effective date of section 2207B.

## III. STANDARD OF REVIEW

The purpose of a 12(b)(6) analysis is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In considering a motion to dismiss under Rule 12(b)(6), the court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox,* 20 F.3d 1250, 1261 (1994) (citing *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989)); *D.P. Enters., Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). Further, in determining whether a claim should be dismissed under Rule 12(b)(6),

---

1. Subsection (c) of § 2036 was passed by Congress on 1988, and repealed in November 1990. Notwithstanding Arzt argument to the contrary, subsection (c) has no bearing on the question to be resolved by the Court.

a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Jordan,* 20 F.3d at 1261 (citing *Hishon v. King & Spalding,* 467 U.S. 69 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *D.P. Enters.,* 725 F.2d at 944. The moving party has the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir.1991).

## IV. DISCUSSION

By its terms, Section 2207B grants a right of recovery only for federal estate taxes attributable to property included in the taxable estate by reason of section 2036. Section 2036 was created to avoid artful avoidance of estate taxes by persons transferring property, while retaining the benefits through a life estate. *See U.S. v. Grace's Estate,* 395 U.S. 316, 89 S.Ct. 1730, 23 L.Ed.2d 332 (1969) ("The general purpose of this section is to include transfers that are essentially testamentary in that they leave the transferor a significant interest or control over property transferred during his lifetime."). The title of section 2036 itself, as well as its text, indicates that it can apply only with respect to inter vivos transfers. Section 2036 in relevant part states:

> Section 2036 *Transfers with retained life estate*
>
> (a) General Rule—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a

transfer ..., by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death....

A transfer on or after the decedent's death falls outside the scope of section 2036, because one cannot retain a life interest after one's death.[2] *See also Ahmanson Foundation v. U.S.,* 674 F.2d 761 (9th Cir.1981) ("Transfer mentioned in section 2036 refers to an inter vivos transfer"). In this case, the only inter vivos transfers alleged is the creation of the Trusts. Therefore, section 2036 which serves as the threshold test for the application of section 2207B is applicable only because of the inter vivos transfers that occurred in 1935 and 1970. Principles of statutory interpretation counsel reading two statutes passed by Congress harmoniously with one another where they interrelate so as to give effect to the intent of Congress. Here section 2207B is a relief provision that gives the personal representative a right of recovery from beneficiaries of a trust included in the decedent's gross estate by reason of section 2036. Consistency between the two interrelated sections requires the same interpretation of the phrase "property transferred." Congress, if it wanted the effective date to be triggered by the event of the decedent's death, would have clearly said so as it did in other sections of the Code.

Arzt on the other hand, would have the Court read transfer in section 2036 to mean inter vivos transfer and transfer in the effective date subsection of section 2207B to refer to *transfer of property that occurs upon the death of a person.* Arzt does not provide any authority for providing two definitions for the

---

**2.** Congress enacted the forerunner of section 2036, section 302(c) of the Revenue Act of 1926 ("section 302(c)"), to correct a judicial interpretation of the original federal estate tax statute. In *Hassett v. Welch,* 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938), the Supreme Court considered the applicability of section 302(c) to property transferred to a trust before section 302(c) was enacted. In *Hassett,* the transferor had "voluntarily and without valuable consideration transferred to a trustee property which he expected to receive under the will of his brother reserving to himself the income for life" before Congress had enacted section 302(c). 303 U.S. at 305, 58 S.Ct.

559. Mr. Hassett, the transferor, died on November 20, 1932, after section 302(c) was enacted. The Supreme Court held that the statute was prospective only and could not be applied to impose a tax on "past irrevocable transfer with reservation of life interest." If termination of Mr. Hasset's life interest had been a transfer within the meaning of section 302(c), it would have triggered the applicability of section 302(c) since it occurred after the section was enacted. Arzt is thus making an argument reversed by the Supreme Court in construing a precursor version of section 2036.

same statutory term. The Court is not persuaded by Arzt's three pronged position which it labels "consistency," "logical," and "equitable."

Arzt's first argument, labeled "test of consistency," is that sections 26 U.S.C. § 2206 (Liability of life insurance beneficiaries), 26 U.S.C. § 2207 (Liability of recipient of property over which decedent had power of appointment), and 26 U.S.C. § 2207A (Right of recovery in the case of certain martial deduction property), which spatially precede section 2207B, all have as their effective dates decedent's dying after date of enactment. Arzt then argues the "property transferred" referred to under the effective date section of section 2207B must also refer to transfer of property that occurs upon the death of the decedent for there to be consistency among the spatially related sections. However, the argument also illustrates the contrary. If Congress wanted section 2207B to be effective on the death of the decedent, it could have done so as it did in each of the sections that Arzt argues supports its contention.

The Executrix's second argument, labeled "logical," is that the phrase "property transferred" needs to be linked to the phrase "person receiving the property" that appears in the main body of section 2207B. According to Arzt, for the phrase "person receiving the property" to have meaning the phrase "property transferred" must refer to transfer of property that occurs on the death of the decedent. This Arzt asserts is because if "property transferred" meant inter vivos transfer into a trust and if *arguendo* the property transferred into a trust were dissipated because of a bad investment decision, there would be no property left for a "person to be receiving property." Arzt's argument while creative is illogical. There is no reason why the phrase "property transferred" mentioned under the effective date subsection should be linked to the phrase "person receiving the property" in the main body of section 2207B.

A simpler and more logical explanation of what Congress meant by the phrase "person receiving the property" is that section 2207B is a relief provision. Congress intended that if the conditions set forth in section 2207B were met, the personal representative could seek recovery from the persons receiving the property at the time of the decedent's death. If all the trust property is dissipated by the time of the settlor's, death, section 2207B would not even apply. There is no right to recovery if there are no federal estate taxes due, which by definition would be the case if the trust property has no value.

Arzt's third argument labeled by her as "equitable" asserts that for "property transferred" to mean property transferred by the decedent into a trust after November 10, 1988, it could mean that it might be 20 to 30 years before this relief provision could apply. Arzt argues Congress surely would not have enacted a relief provision that provides for relief so far out into the future. Arzt's argument does not withstand scrutiny for several reasons. First, as sections 2206, 2207, and 2207A illustrate, Congress knew how to make a relief provision effective in a shorter time frame if it wanted to do so. Second, section 2207B(a)(2) provides the settlor the opportunity to waive the estate's right of recovery by clearly stating that it is his or her desire. *See infra* page 2. Congress, by enacting section 2207B, changed the default rule from one in which the personal representative had no right to seek recovery from the person receiving the property, unless the settlor clearly stated the opposite in the trust instrument, to one where the personal representative has a right of recovery unless the contrary is clearly stated by the settlor.

Arzt also argues that since there is nothing in Sullivan's will that demonstrates an intention that she wished to waive any right of recovery under section 2207B, she did not waive it, and therefore Arzt may recover from the beneficiaries. It is true Sullivan did not specifically waive a right to recovery under Section 2207B. However, there was no reason for her to do so. Section 2207B right to recovery by the personal representative against the beneficiaries does not apply in the Sullivan case because as determined above the transfer of property occurred long before November 10, 1988—in 1935 and 1970.

The Court holds that the term "property transferred" referred to in the effective date subsection of section 2207B applies to prop-

erty transferred by the settlor into a trust during her lifetime. There is no property transferred at death but rather there is a shifting of interest brought about by the termination of a life interest. In the instant case, Sullivan irrevocably transferred property into the Trusts on July 6, 1935 and November 3, 1970. Each of the transfers preceded the November 10, 1988 effective date of the 1988 Act that established section 2207B. Because section 2207B does not apply to transfers made prior to November 10, 1988, no right of reimbursement exists as to the transfers into the Trusts.

## V. CONCLUSION

An order will be entered granting defendants' motion to dismiss and denying Arzt's motion for summary judgment.