COLORADO COURT OF APPEALS
 2016 COA 34
 
 

Court of Appeals No. 14CA1581
Morgan County District Court No. 11CV51 
Honorable Michael K. Singer, Judge

Estate of Robert A. Petteys, by and through the Personal Representative, Beverly Beattie,

Plaintiff-Appellant and Cross-Appellee, 

v.

Farmers State Bank of Brush, Trustee of the Alonzo & Anna Petteys Children’s Trust, Share for Robert A. Petteys’ Issue,

Defendant-Appellee and Cross-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE RICHMAN
Dunn and Berger, JJ., concur

Announced March 10, 2016

Winters, Hellerich & Hughes, LLC, Thomas E. Hellerich, Greeley, Colorado, for Plaintiff-Appellant and Cross-Appellee

Fairfield & Woods, PC, Craig D. Joyce, Lee Katherine Goldstein, Denver, Colorado, for Defendant-Appellee and Cross-Appellant 

 

¶1       In this action seeking reimbursement for payment of federal estate taxes, plaintiff, the Estate of Robert A. Petteys, by and through the Personal Representative, Beverly Beattie (the Estate), appeals the district court’s entry of judgment after a bench trial in favor of defendant, Farmers State Bank of Brush, Trustee of the Alonzo and Anna Petteys Children’s Trust, Share for Robert A. Petteys’ Issue (the Trust).

¶2       The Trustee cross-appeals the district court’s order granting partial summary judgment in favor of the Estate, in which the court ruled that Colorado law rather than federal law governs apportionment of estate taxes in this case.

¶3       We conclude that the district court properly ruled that
Colorado law governs this issue but erred in declining to order apportionment as required by the applicable statute. Therefore, we reverse the judgment and remand with directions to enter judgment in favor of the Estate.

I. Background

¶4       Robert Petteys and his two siblings created the Trust and transferred property into it in 1957. The Trust consists primarily of shares of closely held corporations that pay dividends generating income for the beneficiaries of the trust. Petteys retained an interest in the Trust during his lifetime and received income distributions until he died in 2009. He also named his four children beneficiaries of the Trust, and they, or their surviving descendants, were entitled to receive income distributions from the Trust after his death. At present, there are seven beneficiaries of the Trust: two children from Petteys’ second marriage and five grandchildren who are descendants of two children from Petteys’ first marriage.

¶5       In 2007, Petteys executed a will that provided:

All death taxes, except my generation-skipping tax, paid to any jurisdiction by reason of my death with respect to property passing by reason of my death shall be apportioned among the recipients as provided by Colorado law in effect at my death. Specifically, all death taxes paid to any jurisdiction by reason of my death with respect to (a) trusts created by me during my lifetime, (b) trusts created by my father, or (c) trusts created by any of my siblings, shall be apportioned to those trusts.

¶6       Robert Petteys died in 2009, leaving a substantial estate. Because Petteys retained an interest in the Trust during his lifetime, the value of the property he contributed to the Trust in 1957 was included in the value of the gross estate for purposes of calculating the federal estate tax. The beneficiaries of his will were the two living children from the second marriage. The Estate, through the personal representative, paid the full amount of the federal estate tax assessed from the liquid assets of the Estate. The Estate then filed this action against the Trustee in district court seeking reimbursement from the Trust for that portion of the estate tax attributable to the value of the Trust included in the Estate.[1]

¶7       The parties filed cross-motions for summary judgment. The Estate argued that it was entitled to reimbursement under Colorado’s apportionment statute and the terms of Petteys’ will. The Trustee argued that federal estate tax law controls and does not allow reimbursement in this case. Alternatively, the Trustee maintained that the Colorado apportionment statute permits the court to consider equity, and the Trustee urged the court to deny reimbursement on equitable grounds. Finally, the Trustee argued that the apportionment provision in Petteys’ will is unenforceable as an invalid revocation of the Trust.

¶8       The district court first granted partial summary judgment in favor of the Estate on the issue of whether federal law or state law applied. The court ruled that the federal statute relied on by the Trustee is not applicable to this case and therefore Colorado law governs apportionment. The court further ruled that the Estate is presumptively entitled to reimbursement under Colorado’s apportionment statute, section 15-12-916, C.R.S. 2015, but it concluded that the Trustee’s equitable arguments raised factual issues to be resolved at a bench trial.

¶9       At trial, in an effort to show that apportionment would be
inequitable to the Trust, the Trustee presented evidence that the Trust’s assets are illiquid and consist primarily of shares of stock in closely held corporations. The Trustee presented evidence that if the court ordered apportionment, the Trust would be forced to sell the stock at a considerable discount to pay the estate tax, resulting in a substantial and disproportionate reduction in the Trust assets and future income distributions. 

¶10       After the trial, the court issued a written order denying apportionment on equitable grounds and entering judgment in favor of the Trustee. In its order, the court also ruled sua sponte that Colorado’s apportionment statute is unconstitutionally retrospective as applied to the Trust, and therefore refused to enforce it.

II. Apportionment Under Colorado Law

¶11       The Estate contends that Colorado’s apportionment statute requires apportionment of estate taxes to the Trust and that the district court erred in (1) relying on equitable considerations to reach a contrary result and (2) ruling that applying Colorado’s apportionment statute to the Trust would be unconstitutionally retrospective. We agree with the Estate.

¶12       Although the Trustee argues that we may affirm the court’s judgment under Colorado law, the Trustee alternatively contends that application of federal law also precludes apportionment of the estate taxes to the Trust. As explained below, determining whether federal law applies requires comparing the Trustee’s tax liability under Colorado’s apportionment statute to its liability under federal law. Thus, we first address apportionment under Colorado law. 

A. Standard of Review

¶13       Statutory interpretation is a question of law that we review de novo. Klinger v. Adams Cty. Sch. Dist. No. 50, 130 P.3d 1027, 1031 (Colo. 2006). Our task is to give effect to the intent of the General Assembly. Id. To do so, we begin by examining the statute’s plain language within the context of the statute as a whole. Triple Crown at Observatory Vill. Ass’n v. Vill. Homes of Colo., Inc., 2013 COA 150M, ¶10. We construe words and phrases according to their plain and ordinary meanings. Id. If the plain meanings are clear, we do not resort to other rules of statutory construction. Klinger, 130 P.3d at 1031.

¶14       Likewise, whether a statute’s application is unconstitutionally retrospective also raises a question of law that we review de novo. See Vaccaro v. Am. Family Ins. Grp., 2012 COA 9, ¶16.

B. Colorado’s Apportionment Statute

¶15       Section 15-12-916 of the Colorado Probate Code governs apportionment of estate taxes, including the federal estate tax. The Colorado Probate Code applies to court proceedings commenced after its effective date, July 1, 1974. § 15-17-101(2)(b), C.R.S. 2015.2

1. Section 15-12-916(2)

¶16       Section 15-12-916(2) provides:

Unless otherwise provided in the will or other dispositive instrument, the tax shall be apportioned among all persons interested in the estate, subject to the exceptions specified in this section. The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. . . . [I]f the decedent’s will or other dispositive instrument directs a method of apportionment of tax different from the method described in this code, the method described in the will or other dispositive instrument controls.

(Emphasis added.)

¶17       The parties agree that the Trust is a "person interested in the estate" as that term is defined in the statute. See § 15-12-916(1)(d). Thus, the plain language of section 15-12-916(2) requires apportionment of a proportional share of the estate taxes to the Trust unless (1) the will provides otherwise or (2) an exception specified in the statute applies.

¶18       Petteys’ 2007 will directed that estate taxes be apportioned to the Trust in the same manner as the statute. Thus, we must determine whether there is a statutory exception that allows the court to deny apportionment based on equitable considerations.

2. Section 15-12-916(3)(b)

¶19       The district court relied primarily on section 15-12-916(3)(b), which provides: "If the court finds that it is inequitable to apportion interest and penalties in the manner provided in subsection (2) of this section, because of special circumstances, it may direct apportionment thereof in the manner it finds equitable." (Emphasis added.)

¶20       This provision, by its plain language, applies only to apportionment of interest and penalties, not to apportionment of the underlying tax liability. Although the parties cite no Colorado case law interpreting this provision, the Supreme Court of South Dakota reached the same conclusion when interpreting a nearly identical statute.3 In re Estate of Siebrasse, 678 N.W.2d 822, 828 (S.D. 2004) ("[T]he tax must be apportioned pro rata, but . . . interest and penalties may be apportioned ‘equitably’ to accommodate for special circumstances."). The rationale behind this type of provision is to address circumstances where additional interest and penalties are incurred due to one party’s delay in paying the estate tax. See In re Estate of Detlefs, 418 N.W.2d 571, 578 (Neb. 1998). The same rationale does not apply to the underlying tax liability. Indeed, the Trustee does not dispute on appeal that this provision is "arguably limited to interest and penalties" but invites the court to examine special circumstances surrounding the apportionment. We find no authority in the apportionment statute to do so.

¶21       Therefore, we conclude that section 15-12-916(3)(b) does not provide a statutory basis to deny apportionment of the estate tax based on equitable considerations. See Beren v. Beren, 2015 CO 29, ¶21 ("[P]articular provisions of the Probate Code displace a court’s general equitable authority when an exercise of equity conflicts with the plain language of that specific provision and the two cannot be reconciled.").

3. Section 15-12-916(3)(a)

¶22       The court also relied on section 15-12-916(3)(a), which
provides that "[t]he court in which venue lies for the administration of the estate of a decedent, on petition for the purpose, may determine the apportionment of the tax." The Trustee argues that the word "may" gives the court discretion to determine apportionment based on equitable considerations. We disagree.

¶23       This provision merely addresses which court has the authority to determine apportionment. It does not permit the court to depart from the other provisions of section 15-12-916 in making that determination. Section 15-12-916(3)(a) must be read in conjunction with section 15-12-916(2), which requires apportionment among all interested persons unless the will provides otherwise or a statutory exception applies. Absent an issue regarding interest or penalties, section 15-12-916(3)(a) does not provide an independent basis to deny apportionment based on equitable considerations. 

4. Section 15-12-916(3)(d)

¶24       Although not relied on by the district court, the Trustee argues that section 15-12-916(3)(d) grants additional discretion to the district court in determining apportionment. That section provides: "In any action to recover from any person interested in the estate the amount of the tax apportioned to the person in accordance with this code, the determination of the court in respect thereto shall be prima facie correct." However, this provision refers to a determination made "in accordance with this code," id., and does not allow the court to depart from the method of apportionment prescribed by the statute.

5. Other Provisions

¶25       The Trustee asserts that two other sections of the Colorado Probate Code provide a basis for considering equity in determining apportionment. We are not persuaded.

¶26       Section 15-10-103, C.R.S. 2015, states that the principles of law and equity supplement the provisions of the Colorado Probate Code "[u]nless displaced by the particular provisions of this code." For apportionment of estate taxes, we conclude that the principles of equity are displaced by the plain language of section 15-12-916(2), which requires apportionment unless specific exceptions not applicable here are met. See Beren, ¶21.

¶27       The Trustee also suggests that case law predating the current version of the Probate Code would prohibit apportionment of the estate taxes if applicable to this case. Section 15-17-101(2)(b) provides that the Colorado Probate Code and its amendments apply to court proceedings commenced after its effective date of July 1, 1974, "except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice." The district court interpreted this exception as applying only to "procedural issues" and concluded that it did not permit application of the prior law governing apportionment. The Trustee does not argue on appeal that the court’s interpretation of section 15-17-101(2)(b) as limited to procedural issues was incorrect.

¶28       In any event, even if this provision allows the court to apply prior apportionment law, the common law rule in effect before the Colorado Probate Code was enacted followed a similar apportionment method. Colorado cases held that a will provision directing apportionment of estate taxes was controlling. See Ramsey v. Nordloh, 143 Colo. 526, 529, 354 P.2d 513, 515 (1960); In re Estate of Brenner, 37 Colo. App. 271, 274-75, 547 P.2d 938, 942 (1976). The Colorado Supreme Court also recognized that "if one beneficiary pays more than his share of the common liability he should be entitled to contribution from the others under the theory of equitable apportionment." Ramsey, 143 Colo. at 529, 354 P.2d at 515. Thus, application of the "former procedure" would result in the same apportionment of estate taxes as the method prescribed in the statute.

¶29       In sum, we conclude that section 15-12-916(2) requires apportionment of estate taxes to the Trust and that none of the other provisions of that section or other sections of the Colorado Probate Code allow the district court to deny apportionment based on equitable considerations.

C. Retrospectivity

¶30       We next consider whether applying section 15-12-916(2) to the Trust is unconstitutionally retrospective.

¶31       A statute is retroactive if it operates on transactions that have already occurred or rights and obligations that existed before its effective date. In re Estate of DeWitt, 54 P.3d 849, 854 (Colo. 2002). Retroactive application of a statute is permitted if (1) the General Assembly intended the statute to operate retroactively and (2) it does not violate the constitutional prohibition against "retrospective" application. Colo. Const. art. II, § 11; Specialty Rests. Corp. v. Nelson, 231 P.3d 393, 399 (Colo. 2010).

¶32       A statute does not violate the constitutional prohibition on retrospectivity if it effects a change that is procedural or remedial, as opposed to substantive. DeWitt, 54 P.3d at 854. However, a statute is unconstitutionally retrospective if it either (1) impairs a vested right or (2) creates a new obligation, imposes a new duty, or attaches a new disability. Id. at 855. If the statute impairs a vested right, that right must be balanced against the public interest in the statute in determining whether the statute is retrospective. Id.

 

¶33       The parties agree that section 15-12-916(2) is retroactive as applied to the Trust because it operates on property transferred into the Trust in 1957, long before the statute’s effective date of July 1, 1974.

¶34       The parties also agree, and the district court found, that the General Assembly intended the Colorado Probate Code to apply retroactively unless its application would be unconstitutionally retrospective, based on the statute’s express provisions. See § 1517-101(2)(a) ("The code or the amendment applies to governing instruments executed by decedents dying thereafter."); § 15-17101(2)(b) ("The code or the amendment applies to any proceedings in court then pending or thereafter commenced, regardless of the time of the death of decedent . . . ."); § 15-17-101(2)(f) ("No provision of this code or of any amendment to this code shall apply retroactively if the court determines that such application would cause the provisions to be retrospective in its operation in violation of section 11 of article II of the state constitution.").

¶35       Thus, we turn to whether the statute (1) impairs a vested right or (2) creates a new obligation, imposes a new duty, or attaches a new disability.

¶36       A vested right is "one that is not dependent on the common law or statute but instead has an independent existence." DeWitt, 54 P.3d at 855. In determining whether a statute impairs a vested right, we consider "(1) whether the public interest is advanced or retarded; (2) whether the statute gives effect to or defeats the bona fide intentions or reasonable expectations of the affected individuals; and (3) whether the statute surprises individuals who have relied on a contrary law." Id.

 

¶37       The Trustee argues that section 15-12-916(2) impairs the vested rights of beneficiaries in receiving income from the Trust. The district court ruled that "vested rights were created by means of the trust agreement in 1957" and "these are impaired by retroactive application of the statute."

¶38       Although we agree that the beneficiaries of the Trust had a vested right to receive income from the Trust, they did not have a vested right in having the Trust be taxed only by the method of tax liability that was in place at the time the trust was settled. See Martin v. Bd. of Assessment Appeals, 707 P.2d 348, 352 (Colo. 1985) ("[P]roperty owners have no vested right to have their taxable property assessed by particular methods employed in prior years. Nor is application of a statute rendered retroactive and unlawful merely because the facts upon which it operates occurred before the adoption of the statute.").

¶39       The United State Supreme Court has explained that a retroactive tax is not necessarily unconstitutional: 

Taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. Since no citizen enjoys immunity from that burden, its retroactive imposition does not necessarily infringe due process, and to challenge the present tax it is not enough to point out that the taxable event . . . antedated the statute.

Welch v. Henry, 305 U.S. 134, 146-47 (1938); see also United States v. Carlton, 512 U.S. 26, 33 (1994) ("Tax legislation is not a promise, and a taxpayer has no vested right in the Internal Revenue Code.").

¶40 Thus, we conclude that apportioning estate taxes to the Trust under the statute does not impair the beneficiaries’ vested right to receive income from the Trust, because they had no vested right in receiving the income free from the applicable form of taxation.

¶41       Moreover, as discussed above, prior common law provided for apportionment of estate taxes to all beneficiaries of the estate and held that apportionment provisions in a decedent’s will were controlling. See Ramsey, 143 Colo. at 529, 354 P.2d at 515; Brenner, 37 Colo. App. at 274-75, 547 P.2d at 942. Under these circumstances, applying the statute retroactively does not "defeat the bona fide intentions or reasonable expectations of the affected individuals" or "surprise individuals who have relied on a contrary law." DeWitt, 54 P.3d at 855.

¶42       Accordingly, we conclude that applying section 15-12-916(2) retroactively to the Trust does not impair the vested rights of the Trust’s beneficiaries.

¶43       Because the district court concluded that the statute impaired a vested right, it did not consider the second prong of retrospectivity — whether the statute created a new obligation, imposed a new duty, or attached a new disability. See DeWitt, 54 P.3d at 855. On appeal, the Trustee focuses only on the vested rights analysis, and it does not argue that the statute gave rise to a new duty, obligation, or disability. Accordingly we do not address this retrospectivity prong.

¶44       For the reasons set forth above, we conclude that applying section 15-12-916(2) in this case is not unconstitutionally retrospective.

D. Other Arguments Under Colorado Law

¶45       The Trustee also argues that apportionment is improper under Colorado law because the apportionment provision in Petteys’ will constituted an invalid revocation of the irrevocable Trust and violated the Trust’s spendthrift provision.4 We are not persuaded.

¶46       The cases relied on by the Trustee merely set forth the general rules governing revocation and modification of trusts. See, e.g., Barber v. Ritter, 196 P.3d 238, 253 (Colo. 2008) (a settlor may not revoke a trust without the consent of the beneficiaries unless the power to do so was expressly reserved); In re Estate of McCreath, 240 P.3d 413, 418 (Colo. App. 2009) (the power to revoke cannot be exercised through a will). The Trustee has not cited any controlling authority to support its position that directing apportionment of estate taxes to a trust constitutes a revocation.

¶47       Furthermore, under section 15-12-916(2), a decedent’s will controls only if it directs a method of apportionment different than the method set forth in the statute. Petteys’ will directs the same method of apportionment as the statute — both require apportionment of a proportional share of the estate taxes to the Trust. Under these circumstances, because there is no conflict with the will, apportionment is required under the statute whether or not the will provision is valid.

¶48       The Trust’s spendthrift provision does not address estate taxes, and the Trustee does not cite any authority to support its position that such a provision prevents apportionment of estate taxes to the Trust. We are not persuaded that the spendthrift provision operates to exempt the Trust from taxation under the applicable statutes.

¶49       For the first time on appeal, the Trustee relies on section 15-12-1403(3), C.R.S. 2015, which states that a will provision is "ineffective to the extent that it increases the tax apportioned to a person having an interest in the gross estate over which the decedent has no power to transfer immediately before the decedent executed the instrument in which the apportionment direction was made." However, that provision was enacted in 2011 as part of the Colorado Uniform Estate Tax Apportionment Act, and it only applies to instruments executed by decedents dying after its effective date of August 10, 2011. See Ch. 184, sec. 1, § 15-12-1403(3), 2011 Colo. Sess. Laws 700-02; see also § 15-17-101(2)(a). Because Petteys died in 2009, it is inapplicable in this case.

¶50       Therefore, we conclude that none of the Trustee’s other arguments preclude application of section 15-12-916(2) to apportionment of a proportional share of the estate taxes to the Trust.

III. Whether Federal Law Controls

¶51       In its cross-appeal, the Trustee contends that the district court erred in ruling that the Colorado apportionment statute, rather than federal law, governs apportionment in this case. We disagree.

¶52       We interpret state and federal statutes de novo. See Klinger, 130 P.3d at 1031.

¶53       Colorado’s apportionment statute provides that "[i]f the liabilities of persons interested in the estate as prescribed by this code differ from those which result under the federal estate tax law, the liabilities imposed by the federal law shall control." § 15-12916(9). The Colorado Supreme Court has characterized this as a "coordinating statute" that renders Colorado law consistent with federal estate tax law. In re Estate of Klarner, 113 P.3d 150, 155 (Colo. 2005).

¶54       We have determined that Colorado law requires apportionment of the estate taxes to the Trust. Accordingly, we must determine whether federal estate tax law imposes a different result.

¶55       Webster’s Dictionary defines "impose" as "to make, frame, or apply (as a tax, obligation, rule, penalty) as compulsory, obligatory, or enforcible." Webster’s Third New International Dictionary Unabridged 1136 (2002).

¶56       In order to contend that federal law imposes a different result, the Trustee relies on a negative inference that may arise from the application of section 2207B of the Internal Revenue Code, I.R.C. § 2207B (2012). That provision, like our state statute, gives the decedent’s estate a right to recover the amount of the federal estate taxes attributable to certain trust property, which is included in the estate under section 2036 of the Internal Revenue Code. As relevant here, section 2036 provides that if a decedent transferred property into a trust and retained the right to receive income from the trust during his or her lifetime, the value of the decedent’s interest in the trust shall be included in the gross estate. I.R.C. § 2036(a)(1) (2012).

¶57       While section 2036 applies to estates at the time of taxation, section 2207B applies "only with respect to property transferred after the date of the enactment of this Act," which is November 10, 1988. Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, § 3031(h)(3), 102 Stat. 3342 (1988). Therefore, it does not apply to the assets Petteys transferred into the Trust in 1957.

¶58       Thus, the Trustee contends, because there is no right to apportionment applicable to the Trust based on the effective date of section 2207B, federal law does not permit such apportionment. We disagree. Section 2207B merely provides a right of apportionment for certain property to which it applies; it does not expressly prohibit apportionment, or impose a different result, in all other circumstances.

¶59       In the absence of a specific federal provision on point, the United State Supreme Court has held that state law governs apportionment of the federal estate tax. Riggs v. Del Drago, 317 U.S. 95, 97-98 (1942); see also Maurice T. Brunner, Annotation, Construction and Application of Statutes Apportioning or Prorating Estate Taxes, 71 A.L.R.3d 247 § 3(d) (1976) (Apart from specific circumstances where federal law provides for apportionment, "[t]he ultimate thrust or the impact of the federal estate tax is generally governed by state law, and the desirability of equitable apportionment has been left within the legislative province of the individual states.") (footnotes omitted).

¶60       Riggs addressed whether a New York apportionment statute was preempted by federal estate tax law. 317 U.S. at 96. Like the Colorado statute, the New York statute required apportionment of federal estate taxes proportionately among the beneficiaries of the estate, unless the decedent’s will directed otherwise. Id. The Supreme Court concluded that Congress intended the apportionment of federal estate taxes to be governed by state law:

We are of [the] opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; accordingly, [the New York statute] is not in conflict with the federal estate tax law.

Id. at 97-98. Accordingly, under Riggs, state law governs apportionment unless it conflicts with a federal provision. Id.

 

 

¶61       In this case, because there is no federal apportionment provision applicable to the Trust, we conclude that the Colorado statute governs the issue of apportionment. See id.

 

¶62       Contrary to the Trustee’s argument, the tax liability imposed by the Colorado statute does not "differ" from the liability imposed by federal law, see § 15-12-916(9), because federal law simply does not address whether estate taxes may be apportioned to the Trust. Under these circumstances, we conclude that applying Colorado’s apportionment provision is consistent with section 15-12-916(9) and Supreme Court precedent. See Riggs, 317 U.S. at 97-98.

¶63       The Trustee’s reliance on Arzt v. Savarese, 36 F. Supp. 2d 653 (D. Del. 1999), does not persuade us otherwise. In that case, an estate sought reimbursement under section 2207B for estate taxes attributable to trusts created in 1930 and 1970. Id. at 653. The court held that section 2207B did not apply to transfers into a trust before November 10, 1988, and therefore the decedent’s estate was not entitled to reimbursement under that section. Id. at 657. However, the court did not consider whether the taxes could be apportioned under state law because the estate relied only on section 2207B. See id. at 653. Thus, Arzt did not address the issue presented in this case.

¶64       The Trustee also relies on Klarner, which held that federal law controlled over Colorado law in determining apportionment of estate taxes to a trust. 113 P.3d at 151. However, there was a specific federal statute governing apportionment of the trust at issue in Klarner, and the method of apportionment prescribed in that statute differed from the method prescribed by section 15-12-916. Id. at 154-56. In this case, by contrast, there is no applicable federal provision and federal law does not address whether taxes may be apportioned to the Trust.

¶65       Accordingly, because there is no federal provision that prohibits apportionment or imposes a different tax liability on the Trust, we conclude that the Colorado statute governs apportionment in this case. See § 15-12-916(9); Riggs, 317 U.S. at 97-98.

IV. Conclusion

¶66       The judgment is reversed and the case is remanded with directions to enter judgment in favor of the Estate. JUDGE DUNN and JUDGE BERGER concur.

[1] The complaint also named the seven beneficiaries of the Trust as "nominal defendants." The district court later entered default judgment against the beneficiaries, and they are not parties to this appeal. The court ruled that the default judgment against the beneficiaries had no bearing on the claim against the Trustee, and neither party raises that issue in this appeal.

 

[2] Section 15-17-101(2)(b), C.R.S. 2015, gives the court discretion to apply "the former procedure . . . in the interest of justice." As addressed in greater detail below, the district court concluded that this provision only applied to procedural matters and did not permit application of prior apportionment law.

 

[3] The South Dakota statute provides: "If the court finds that it is inequitable to apportion interest and penalties in the manner provided in subsection (b), because of special circumstances, it may direct apportionment thereof in the manner it finds equitable." S.D. Codified Laws § 29A-3-916(c)(2) (2015).

 

[4] Although the Trustee raised this argument in the district court, the court did not rule on this issue, but instead ruled in favor of the Trustee on other grounds.